Relyea vs. Tomahawk Paper & Pulp Co.

RELYEA, Appellant, vs. TOMAHAWK PAPER & PULP COMPANY, Respondent.

*February 2 — February 21, 1899.*

*Constitutional law: Vested rights: Statutory rights: Conditions precedent: Limitation of actions: Reasonableness of time: Injuries through negligence.*

1. A right by statute to compensation for injuries can be granted upon condition, or the condition changed as to existing situations, or the right taken away entirely, in the discretion of the legislature. Such rights are not the subject of constitutional protection, but depend solely upon the legislative will.

2. A statute adding some new condition to the statutory right to compensation for an injury, is not a statute of limitations affecting a mere remedy, like a statute of limitations strictly so called, but a law acting upon a right, solely under legislative control.

3. A statutory condition in the nature of a limitation upon the enforcement of a common-law right, such as the right of recovery for injuries to an employee attributable to actionable negligence of the master, is a statute of limitations and does not apply to rights existing at the time of its passage, as to which a reasonable time is not left after such passage to comply with such condition.

4. A statute of limitations in existence at the time of the commencement of an action applies to it in the absence of anything in the act, or any other law, to the contrary.

.Relyea vs. Tomahawk Paper & Pulp Co.

5. If a statute of limitations does not recognize existing rights and provide a reasonable time for their enforcement, it is void as to them under the inhibition of the national constitution as to laws impairing the obligations of contracts or taking property without due process of law.

6. If, in a statute of limitations, a time be allowed for the enforcement of existing rights regardless of it, that time will be deemed conclusively reasonable unless the contrary appears beyond a reasonable doubt.

7. If, in a new statute of limitations, a time be not allowed for the enforcement of existing rights regardless of such statute, it will not apply to such rights, unless the time left for the enforcement thereof, by the situation of the parties, judicially appears reasonable, which determination must be made having regard to the facts of each case.

8. A statute creating a condition precedent to the enforcement of the common-law right to damages for bodily injuries attributable to actionable negligence, containing no saving clause as to existing claims of that character, in effect extinguishing a claim as to which the new conditions shall not have been complied with before the expiration of a year after the injury, does not apply to the claim of a minor existing at the time the new statute went into effect, who had but sixty-one days thereafter within which to comply with it.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Lincoln county: CHAS. V. BARDEEN, Circuit Judge. *Reversed.*

Action to recover compensation for a bodily injury received by plaintiff while in the employ of the defendant, alleged to have been caused by actionable negligence for which defendant is responsible. The facts stated in the complaint were sufficient to constitute a cause of action, unless ch. 304, Laws of 1897, applies. It contains the following: "No action to recover damages for an injury to the person shall be maintained unless, within one year after the happening of the event causing such damages, notice in writing signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where

such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made, and that satisfaction thereof is claimed of such person or corporation." Plaintiff received his injury in 1896, leaving only sixty-one days after the act of 1897 to serve a notice as required thereby. He did not attain his majority or commence his action or serve the notice till the expiration of the year after the injury occurred. He was twenty-one years of age July 3, 1897, and the injury occurred June 28, 1896. All the facts stated appear by the complaint. Defendant demurred to the complaint for want of facts disclosed thereby sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff appealed.

For the appellant the cause was submitted on the brief of *J. C. Kerwin.*

For the respondent there was a brief by *A. H. Woodworth,* attorney, and *Curtis, Reid & Smith,* of counsel, and oral argument by *A. H. Reid.*

MARSHALL, J. The sole question presented here is, Was plaintiff's cause of action extinguished by the failure to serve a notice under ch. 304, Laws of 1897? The learned trial court decided that in the affirmative, basing his conclusion, probably, on *Plum v. Fond du Lac,* 51 Wis. 393; *Reed v. Madison,* 83 Wis. 171. They were cases involving the applicability of acts of the legislature adding new conditions precedent to the statutory right to compensation for personal injuries received on public highways on account of the insufficiency thereof. In the *Plum Case* the time left after the passage of the act, for the performance of the new condition, was eighty days, and in the *Reed Case* forty days. The acts were rightly held applicable because the rights affected were purely statutory. While the rule is inflexible that rights not dependent on statute are guaranteed by the national constitution against impairment, either by laws

affecting existing contracts or taking property without due process of law, mere statutory rights may be conferred upon such conditions as in the wisdom of the legislature may seem best, and the conditions may be changed from time to time, even as to existing rights, or such rights may be taken away entirely, at the legislative will. Such rights do not come within the constitutional provision. If the conditions requisite to their existence be once satisfied, a new one may be added as in the two cases cited, and whether the time given in which to comply with it be long or short is a matter exclusively of legislative discretion. True, there is language in opinions, treating of a new condition respecting existing statutory rights, indicating an idea in the judicial mind that a law imposing such conditions takes effect as to such rights if a reasonable length of time be left for the claimant to comply with it; but the real ground upon which the decisions rest is that, the rights being statutory, they are entirely the subject of legislative discretion.

The difference between a statute requiring notice to be served, as for example sec. 1339, R. S. 1878, as a condition of a right to damages for an injury through failure of duty on the part of a municipality to keep its highways in a proper state of repair, and a statute requiring such a notice to be served as a condition of recovery for injuries to an employee through actionable negligence of his employer, is that the former is a condition of the right to damages and the remedy to recover the same as well, while the latter is a condition acting on the remedy alone, the right not being dependent on the statute at all. Such difference is well defined in the books and universally recognized. In *Smith v. Cleveland*, 17 Wis. 556, it is said, in effect, that the difference between laws that the legislature may change at will and those which the constitution protects from interference to the prejudice of vested rights, is that under the former the right is dependent on the law, and under the latter the right itself is

independent of the law. The subject was recently discussed in *Schaefer v. Fond du Lac*, 99 Wis. 333; *Daniels v. Racine*, 98 Wis. 649, where it is said that a right given by statute may be changed by adding new conditions, or wholly taken away by statute. There, as in most cases of the kind, the right of action was spoken of as synonymous with the right itself, and properly so. If the distinction be not kept in mind between statutory and common-law rights, where the court speaks regarding a condition of the former as precedent to a right of action therefor, it will be taken as meaning that the condition is in the nature of a limitation acting on the remedy alone.

From what has been said, it is clear that the rule in *Plum v. Fond du Lac*, and similar cases where the right acted upon by a legislative change of condition upon which the right depended was a creature of statute, does not apply to this case. Plaintiff had a right to compensation for his injuries independent of the statute. He was entitled to six years from the happening of the injury before making any move to enforce such right. In that situation ch. 304, Laws of 1897, was passed, which, it is claimed, extinguished the right in sixty-one days after its passage and more than five years before it would have been extinguished by the statute of limitations as it before existed. While time for the commencement of the action was not in terms changed, the condition precedent to such commencement had that effect, rendering the law essentially a statute of limitations, and it must be so treated.

It is well settled that it is within legislative power to change a statute of limitations regarding the remedy for the enforcement of existing rights, if a reasonable time be allowed to resort to existing remedies, or a reasonable remedy be provided, to enforce such rights. A statute which undertakes to extinguish rights of action without giving such opportunity, is not deemed a statute of limitations, but an

Relyea vs. Tomahawk Paper & Pulp Co.

arbitrary, unlawful impairment of a constitutional right. It is further well settled that what is a reasonable time is a matter largely of legislative discretion. If such discretion be once exercised by a saving clause in the act providing for existing causes of action, that is controlling unless, manifestly, the time be unreasonable. That must appear beyond a reasonable doubt, however, in order to justify the court in condemning the law as unconstitutional. Where there is no saving clause in the act and it thereby appears that the legislature did not consider the subject at all, the court must apply it, or not, to causes of action existing when it took effect according as it shall judicially appear that a reasonable time was left thereafter for the plaintiff to commence his action or perform the new condition. Subject to this rule, the statute of limitations in force when an action is commenced governs in the absence of some indication therein, or in some other provision of law, to the contrary. *Woodbury v. Shackleford,* 19 Wis. 55; *Converse v. Burrows,* 2 Minn. 239; *Toland v. Wells,* 59 Ind. 529.

The legal principles thus far mentioned in this opinion are deemed to be too elementary to warrant any extended discussion or citation of authorities in support of them. They may be stated concisely thus: A purely statutory right may be, by the power conferring it, made to depend upon a new condition, or taken away entirely. A statute of limitations, strictly so called, operates on the remedy directly. A statute changing the condition of a right of action for damages given by statute, is a condition precedent to the right to such damages, hence acts directly on the right, and is not a statute of limitations in the ordinary legal sense of the term. Such rights are not protected against impairment, by constitutional guaranties, while rights which exist independent of the statute are so protected. A law changing the time for, or conditions of, the enforcement of a common-law right, is in the nature of a statute of limitations which, if of such a

character as to materially affect the right itself, is within the inhibition of the constitution in regard to the passage of laws impairing the obligation of contracts or taking property without due process of law. A change in the law as to the time for the enforcement of existing rights, or imposing a new condition of such enforcement, which does not allow a reasonable time within which to commence an action for such enforcement or comply with the new condition, is within the inhibition mentioned and is void as to such existing rights, otherwise valid. If a time be specified in a statute of limitations for the commencement of an action to enforce existing rights, or to comply with the new conditions specified therein, showing that the legislature exercised its judgment in the matter, it is not within the jurisdiction of courts to examine the question of the proper exercise of such power, in the absence of a clear abuse of legislative discretion and disregard of constitutional rights. When the new act of limitations does not provide for existing causes of action, yet uses general language applicable to all actions, there being nothing in the act, and no other law, making any exception to its application, it applies to all causes of action, subject to the judgment of the court, as to each such cause, whether the person affected had a reasonable time after its enactment to comply therewith.

It follows that ch. 304, Laws of 1897, does not apply to plaintiff's claim for damages, unless we can say that the sixty-one days allowed for him to comply with it is reasonable. In determining that we are not embarrassed by any determination of the subject by the legislature, for the law made no provision for existing causes of action. That was entirely overlooked, as it appears. How much time is reasonable for a person circumstanced as plaintiff was, to comply with the statutory condition under consideration, must be determined having regard to his being under age and the fact that, while before he had the unconditional

Relyea vs. Tomahawk Paper & Pulp Co.

right to begin his action at any time within about five years, after, save on performance of the new condition, his right was extinguished in sixty-one days. What is a reasonable time for the enforcement of existing rights regardless of new conditions of limitation must necessarily vary according to the character of such rights and the class of persons affected, and many other circumstances. Very little light is furnished by a decision as to what is reasonable under some circumstances, to enable one to determine what is reasonable under other circumstances. We are safe in saying, however, that no precedent can be found for holding that a new condition for the enforcement of a common-law right of property, having the effect of changing a limitation of five years to sixty-one days, and making no exception in favor of minors, leaves a reasonable length of time for compliance with such condition. It appears to be so clearly insufficient that discussion and authority in support of that view are unnecessary. The passage of the act without some adequate saving clause as to existing rights was evidently an oversight, as at the first opportunity after its passage the legislature remedied the infirmity by so changing the law as to exempt causes of action existing before such passage. The result is, we hold that ch. 304, Laws of 1897, does not apply to this case, and that the demurrer was improperly sustained.

*By the Court.*— The order appealed from is reversed, and the cause remanded for further proceedings according to law.

BARDEEN, J., took no part.