GROOTEMAAT, Respondent, vs. WEST PARK REALTY COMPANY, Appellant.

*November 8—December 7, 1926.*

*Taxation: Nature of possession to defeat action to quiet title: Using vacant lot to store building materials: Presence of "For sale" signs.*

1. The temporary use of lots for storing construction materials during the erection of a building on an adjacent lot does not constitute the "possession" required by sec. 75.31, Stats., so as to defeat an action by the grantee in a tax deed to quiet title to the lots. p. 396.

Grootemaat v. West Park Realty Co. 191 Wis. 394.

2. The use of property, to constitute "possession," must be such
   a one as is likely to give notice to one claiming title that he
   has been excluded from possession,, a fugitive or temporary
   use not being sufficient.  p. 396.
3. The maintenance by the grantee of signs upon the land, adver-
   tising it for sale and containing the name of the firm of which
   plaintiff was the senior member, constituted "possession" by
   him within the meaning of sec. 75.31, Stats.  p. 396.

APPEAL from a judgment of the circuit court for Mil-
waukee county: AUGUST E. BRAUN, Circuit Judge. *Af-
firmed.*

Action by grantee in a tax deed to quiet title to certain
lots.  There was no claim of any invalidity in the tax pro-
ceedings up to the issuance of the tax deed nor of any ir-
regularity in the deed.  The only issue was one as to pos-
session of the lots within the three years after the issuance
of the tax deed.  As to possession by the original owner
the trial court found:

"That during the latter part of the fall of the year 1921,
and a portion of the year 1922, certain contractors engaged
in the construction of a church and parsonage upon lands
lying immediately to the west of the four lots above de-
scribed (which lands were not owned by either of the parties
hereto, nor by any one claiming under them or either of
them) temporarily piled certain building material on the
west or rear portion of said lots, the westerly boundary
line of said lots not being marked in any manner; that said
contractors were not acting under any written or oral lease
or license from the *West Park Realty Company,* its agents
or servants, nor under any claim of title or possession as
against the plaintiff.  That such temporary use of some por-
tion of the west end of said lots was wholly incidental to the
construction of said church and parsonage, and was not
founded upon any claim of title or any claim whatever ad-
verse to the plaintiff."

There is some evidence that such use of the lots by the
contractors was with the consent of the original owner.

As to possession of the plaintiff the court found:

"That for the greater part of the three years immediately

following the issuance and recording of said tax deeds for the unpaid city taxes of 1915, the plaintiff was in the actual, open, and notorious possession of said four lots by virtue of the erection and maintenance on said lands of a 'For sale' sign, stating that the lands were for sale by A. L. Grootemaat & Sons, and giving the office address and place of business; that the plaintiff was during all of said time the senior member of the firm of A. L. Grootemaat & Sons."

As conclusions of law the court found that the original owner was not in possession of the lots within the meaning of sec. 75.31, Stats., and from a judgment confirming title in plaintiff the defendant appealed.

For the appellant there was a brief by *W. C. Seefeld,* attorney, and *Joseph Pollack,* of counsel, both of Milwaukee, and oral argument by *Mr. Seefeld.* .

*K. K. Kennan* and *Julius E. Roehr,* both of Milwaukee, for the respondent.

VINJE, C. J. The conclusion reached by the trial court is sustained by the decision of our court wherein it is held that a mere fugitive or temporary use of the premises does not satisfy the statute, sec. 75.31. The use must be one that is likely to give notice to one claiming title that he has been excluded from possession. *St. Croix L. & L. Co. v. Ritchie,* 78 Wis. 492, 47 N. W. 657; *Lafitte v. Superior,* 142 Wis. 73, 125 N. W. 105. The temporary use of lots for storing material during the erection of a building on an adjacent lot is not such a use.

Under the decision in *Rosenberg v. Borst,* 185 Wis. 223, 201 N. W. 233, the maintenance by the plaintiff of the signs found by the court to have been maintained constituted possession by him.

*By the Court.*—Judgment affirmed.