BEBB, Appellant, vs. McGOWAN and another, imp., Respondents.

*May 10—June 20, 1932.*

For the appellant the cause was submitted on the brief of *Harris, Reinhardt & Bebb* of Chicago, attorneys, and *Richardson & Dunwiddie* of Janesville of counsel.

For the respondents McGowan and Gray there was a brief by *McGowan, Geffs, Fox & Persons* of Janesville, and oral argument by *G. S. Geffs* and *H. H. Persons*.

WICKHEM, J. Charles A. Hunt conveyed the land described in the complaint to the plaintiff on June 3, 1916. This deed was duly recorded. Through some oversight plaintiff neglected to pay the taxes for the year 1922. The tax sale was held on the second Tuesday of June, 1923, and a certificate issued to the defendant E. D. McGowan. On December 8, 1926, the defendant McGowan filed an application for a tax deed thereof. On December 9, 1926, Rock county issued a tax deed to him. On March 25, 1927, McGowan conveyed to the defendant Henry W. Gray by quitclaim deed.

It is the contention of the plaintiff that the certificate and deed are void for several reasons. In the view the court takes of the case it will be necessary to discuss only one of plaintiff's objections to the validity of the deed. This objection is that there was a failure on the part of the defendant to comply with the provisions of sub. (1), sec. 75.12, Stats. This subsection reads as follows:

"Whenever any lot . . . shall have been in actual occupancy or possession of any person, other than the owner and holder of the certificate, . . . such deed shall not be issued unless a written notice shall have been served upon the owner or upon such occupant."

The plaintiff lived in Texas and purchased the land, as heretofore stated, from C. A. Hunt, who was the father of C. L. Hunt. The notice in question was served upon C. A. Hunt. There is some controversy as to whether the tract was occupied or not, but defendant, before getting his tax deed, committed himself to the theory that it was occupied by serving notice upon C. A. Hunt as the occupant of the premises. It is plaintiff's contention that there is no evidence of anything more than occasional and fugitive acts of occupancy by any one, and the cases of *St. Croix. L. & L. Co. v. Ritchie,* 78 Wis. 492, 47 N. W. 657, and

*Grootemaat v. West Park Realty Co.* 191 Wis. 394, 211 N. W. 149, are cited to the effect that such acts of occupancy are ineffective to interrupt the running of statutes of limitation. Whether these cases have any application to the situation here presented need not be decided. There is evidence from which the court could come to the conclusion that the property here involved was occupied. In considering whether the premises are occupied, it is necessary to keep in mind "that the acts of dominion must be adapted to the particular land, its condition, locality, and appropriate use." *Illinois Steel Co. v. Jeka,* 123 Wis. 419, 101 N. W. 399. This was marsh land, fit only for pasturage, and there is evidence to sustain the conclusion that it was occupied for such purposes as its character permitted. However, we think there is no evidence that it was so occupied by C. A. Hunt, upon whom the notice was served. While there are in the record statements of one or two of the witnesses that C. A. Hunt occupied the land, these are mere conclusions. It appears by the uncontroverted evidence that C. A. Hunt was the owner of property adjoining the plaintiff's land; that he had leased this land to his son, C. L. Hunt, and that any occupation of plaintiff's land which arises above a purely fugitive character was that of the son and tenant and not that of the father, upon whom the notice was served. Hence, we think the finding that C. A. Hunt was the occupant of the plaintiff's land, and the conclusion that he was the proper person to serve with notice, under the requirements of sub. (1), sec. 75.12, is against the great weight and clear preponderance of the evidence. The statute specifically requires that the notice be served upon the actual occupant. We think that an examination of the testimony can lead only to the conclusion that the son was the actual occupant, if the premises were occupied.

H. W. Gray, on behalf of the defendants, testified that

C. A. Hunt occupied the land during 1924 and 1925, but he also testified that Hunt's tenants fixed the fences more than once, and that the tenant that year was C. A. Hunt (evidently referring to the son). C. J. Berg testified that "Mr. Hunt, the owner, occupied that land," but he also testified that "Mr. C. L. Hunt put up a temporary two-wire fence." Harry Frederick testified: "Mr. Hunt and his father occupied the land during that time. Mr. C. L. Hunt was his tenant." Mr. A. L. Godfrey testified that the father and son gave him to understand that they were working the farm on a share basis.

It is our conclusion that there was no satisfaction of the statutory requirement that notice be served upon the occupant of the land. The finding that a notice was so served is against the great weight and clear preponderance of the evidence.

It follows that the judgment must be reversed. However, as a condition to relief, plaintiff must fully satisfy the conditions of sec. 75.61, since the irregularity successfully urged here did not go to the groundwork of the tax. *Hart v. Smith*, 44 Wis. 213; *Morrow v. Lander*, 77 Wis. 77, 45 N. W. 956.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment setting aside the tax deed upon condition that the plaintiff shall, within a reasonable time to be fixed by the court, pay into the court for the person or persons claiming under such tax sale or tax certificate the amount for which such land was sold, and the amount paid by such person or persons for taxes levied upon the premises subsequent to such sale, with interest on all such amounts at the rate of fifteen per cent. per annum from the times of payment until the said money be so paid into court; and, in default of such payment within the time so fixed, to enter judgment for the defendants.