MANAS and another, Respondents, vs. HAMMOND, Administrator, Appellant.

*October 10—November 6, 1934.*

286

For the appellant there was a brief by *Bender, Trump & McIntyre* of Milwaukee, and oral argument by *Eugene L. McIntyre*.

*Julius Goldstein* of Kenosha and *William B. Collins* of Sheboygan, for the respondents.

FAIRCHILD, J. Respondents' cause of action is barred because of their failure to serve notice of injury as required by sec. 330.19 (5), Stats. The exactness of this rule is not affected by the failure to have an administrator of a deceased tort-feasor appointed within the two-year limit. The requirement of sec. 330.19 (5), as to the giving of notice, is a condition which must be complied with, and a failure in that respect leaves a plaintiff in a position where the courts cannot assist him by permitting the commencement of an action. In

the case of *Hoffmann v. Milwaukee E. R. & L. Co.* 127 Wis. 76, 106 N. W. 808, the law is expounded and the positiveness of the rule declared. The court in that case recognized the legislative intention to require notice of injury as a condition or limitation upon the right to maintain such an action. It was held in the case of *Klingbeil v. Saucerman,* 165 Wis. 60, 160 N. W. 1051, that the requirement of the preliminary notice did not affect the time within which the action could be begun if the notice were properly given. *Troschansky v. Milwaukee E. R. & L. Co.* 110 Wis. 570, 86 N. W. 156.

The respondents seek to avoid the consequence of their failure to give the notice by relying upon the terms of sec. 330.34, which provides that an action may be begun within one year after the appointment of an administrator. But there are no exceptions to the requirement of notice. *Arp v. Allis-Chalmers Co.* 130 Wis. 454, 110 N. W. 386; *Malloy v. Chicago & N. W. R. Co.* 109 Wis. 29, 85 N. W. 130; *Relyea v. Tomahawk Paper & Pulp Co.* 102 Wis. 301, 78 N. W. 412; *Gatzow v. Buening,* 106 Wis. 1, 11, 81 N. W. 1003; *Meisenheimer v. Kellogg,* 106 Wis. 30, 33, 81 N. W. 1033.

It will be noticed that many of the Wisconsin decisions have adopted different reasons for their conclusion that notice must be given before the action can be maintained, but in all cases the plain terms of the statute have been recognized, and the court has concluded that it is necessary that notice be given or action commenced within the two-year limit. This is the rule even though statutes under some circumstances extend time fixed by statutes of limitation. Such statutes must be read in the light of sec. 330.19 (5). We are of the opinion that the requirement of notice is a condition precedent to the right to commence an action, that is, to use the remedy. Two terms are used in every discussion of this question, "right" and "remedy." Our conclusion is that this requirement cannot be said to affect either the right or the

remedy directly. The right exists and a remedy exists for the enforcement of that right, but the courts cannot enforce such right or apply the remedy until the condition of giving notice is fulfilled. It is a condition which must be fulfilled in order to secure the aid of the court. As said in *Maurer v. Northwestern Iron Co.* 151 Wis. 172, 138 N. W. 636:

"The giving of the notice is the material thing. It is made a condition precedent to the maintenance of an action to recover damages. It is not a condition of the existence of a cause of action but one of limitation upon opportunity to judicially enforce an existing such cause. While not a statute of limitation, in the technical sense, it is so near akin thereto as to be classed therewith and called 'a statute in the nature of a statute of limitation.' [Citing cases.] So classed, the doctrine as to waiver of the right to insist upon the benefit of the statute by failure to raise the question by answer or special demurrer, in case of the fact appearing upon the face of the complaint, or by answer where it does not, has been adopted in respect thereto, though the court has, in special circumstances akin to fraud preventing compliance with or inducing failure to comply with it, held that the statute is so far different from an ordinary one of limitations, that a person may estop himself from having the benefit thereof. *Guile v. La Crosse G. & E. Co.* 145 Wis. 157, 130 N. W. 234." *Joyce v. Sauk County,* 206 Wis. 202, 239 N. W. 439.

In reaching their decisions the courts have kept in mind the purpose of the notice requirement, to afford one charged with responsibility for an injury an opportunity to investigate the circumstances and preserve evidence for his defense before they are defeated by the intervention of time. *Malloy v. Chicago & N. W. R. Co., supra; Guile v. La Crosse G. & E. Co., supra.* Because of the respondents' failure to serve the notice timely, the trial court could not proceed with the case. This conclusion makes unnecessary a consideration of other questions raised by appellant.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.