SHEMICK, Appellant, vs. MENOMINEE RIVER BOOM COMPANY and another, Respondents.

*February 14—March 15, 1938.*

For the appellant the cause was submitted on the brief of *Norman B. Langill* of Marinette.

For the respondents there was a brief by *Lehner & Lehner* and *Adolph P. Lehner,* all of Oconto Falls, and oral argument by *Adolph P. Lehner.*

ROSENBERRY, C. J.   The plaintiff claims title under a tax deed to the lands described in the complaint.   On and prior to August 31, 1927, the defendant Menominee River Boom Company was the owner of these lands.   On or about that date the Boom Company conveyed the lands to the predecessor in title of the plaintiff, reserving to the Menominee River Boom Company and Union Falls Power Company, "their successors and assigns, all riparian rights, and the perpetual right to overflow or cause to be overflowed any and all parts of such lands that may be overflowed by the operation of any dam or dams, either then existing or to be constructed in the Menominee river or its tributaries at any time in the future, and the right of ingress and egress thereto and therefrom, upon and over such lands."

Thereafter the lands were assessed as "Government Lots (1) and (2) of Section (32), Township (31) North, Range (23) East," no reference at any time having been made in the assessment roll to the reservation of flowage rights.

The plaintiff became the owner of certain tax certificates issued, and on January 20, 1937, the county clerk of Mari-

nette county issued a tax deed to the plaintiff which purported to convey to the plaintiff government lots (1) and (2) as described in the assessment roll.

It further appears from the allegations of the complaint that during all of the times down to the issuance of the tax deed the defendants maintained a dam across the Menominee river as a result of which a portion of the lands described in the tax deed were flooded and certain other portions were affected by seepage.

No notice was served upon either of the defendants of the taking of the tax deed in question, and the question presented is, Was the occupancy of the defendants of such a character as to require notice pursuant to the provisions of sec. 75.12 (1), (2), Stats.? This section provides that, when any lot or tract of land shall have been in the actual occupancy or possession of a person, other than the owner and holder of tax certificate, that a tax deed shall not be issued unless a written notice shall be served upon the occupant or the owner by the holder of the certificate at least three months prior thereto. That the lands in question were so occupied as to require notice under the provisions of sec. 75.12 seems too clear for argument. Plaintiff's claim is that having received a tax deed there was vested in him an absolute interest in fee simple in the lands, subject only to all unpaid taxes and charges, but that section applies only to lands upon which an otherwise effective tax deed has been issued. If the defendants were occupying or were in possession of the lands in question, no notice having been served, the deed is void. *Bebb v. McGowan* (1932), 208 Wis. 400, 243 N. W. 460. That the occupancy of the lands described in the tax deed was sufficient to require the service of the notice appears to be sustained by all of the authorities. See *Illinois Steel Co. v. Jeka* (1905), 123 Wis. 419, 101 N. W.

399 (marsh land used for pasture); *Vicker v. Byrne* (1914), 155 Wis. 281, 143 N. W. 186 (occupancy of lands by hauling and banking logs).

Sec. 75.31, Stats., prescribes what shall constitute possession of lands within the meaning of secs. 75.26 to 75.30, and provides:

"The extent of such possession shall be governed by the rules prescribed for determining an adverse possession by a person claiming title founded upon a written instrument."

But that section by its terms applies only to such possession as is necessary to limit the running of the statute of limitations upon a tax deed already issued. In this case, however, there can be no doubt that possession of the defendants was such as would have entitled them to claim title by prescription upon the expiration of the statutory period. *Smith v. Russ* (1863), 17 Wis. *227.

*By the Court.*—Order affirmed.

FRITZ, J., took no part.