MARTIN, Appellant, vs. LINDNER, Respondent.

*October 6—November 8, 1950.*

*Harry A. Speich* of Mineral Point, and *Thomas N. Burke* of Madison, for the appellant.

For the respondent there was a brief by *George J. Larkin* of Dodgeville, and *Clifford G. Mathys* of Madison, and oral argument by *Mr. Mathys*.

FRITZ, C. J.    On this appeal plaintiff contends,—

That defendant cannot, by his voluntary absence from the state, without disclosing his whereabouts, prevent plaintiff from prosecuting his action for recovery because of his inability to deliver either a written notice of injury or a complaint; that such voluntary absence of the defendant in the concluding days of the two-year period provided by sec. 330.19 (5), Stats., does not render plaintiff powerless to maintain his action; and that if it be held that delivery of the verified complaint to the sheriff for service and an actual service of the same within sixty days thereafter is not sufficient, the defendant's voluntary absence from the state, leaving no forwarding address, dispensed with service of the complaint, under sec. 269.38, Stats., which provides:

"When a party's residence and post office are not known and neither can with due diligence be learned and he has designated no place for service of papers upon him, service of notice and other papers on him is dispensed with unless there is a special rule requiring publication of notice, in which case the special rule shall be observed."

Those contentions cannot be sustained. That statute is not applicable in the instant case to excuse plaintiff's failure to serve a written notice of injury upon defendant as required by sec. 330.19 (5), Stats., because sec. 269.38, Stats., refers to and is applicable to a "party" which obviously means only those who have become a party in pending litigation. The legislative history of sec. 269.38 demonstrates that the section applies only to those who have become parties in pending litigation; and that section should be considered in conjunction with the preceding section, sec. 269.37, relating to service on attorneys, which has been in its present form for several decades. Sec. 269.37 provides in substance that when a party to an action or proceeding shall have appeared by an attorney, service shall be made upon the attorney, and that when a defendant shall not have appeared in person or by attorney, service of notice or papers in the ordinary proceedings in an action need not be made upon him unless he be imprisoned for want of bail. Then immediately following is sec. 269.38, Stats., quoted above, which does not purport to dispense with the serving of papers upon those who have not duly become parties to a pending action. Moreover, as sec. 269.38, Stats., refers to and is applicable only "when a *party's* residence and post office are not known," the statute can not be deemed applicable in this case because as alleged in the plaintiff's complaint and the affidavits on file, and as found by the trial court, Lindner was, at all times mentioned in the complaint, a resident of Iowa county. Even if sec. 269.38, Stats., could conceivably be otherwise considered applicable under any circumstances as completely dispensing with the express requirements of sec. 330.19 (5), Stats., in respect to the service of a notice of injury within the two-year period, it still could not be applicable here because

Lindner's residence and post office were at all times known to plaintiff.

Plaintiff's counsel state in their brief that sec. 269.38, Stats., "in its earlier forms apparently related to the service of papers after a party had appeared in the action and then left without leaving an address." But they contend that by an amendment in July, 1939, the supreme court made a change so radical that it dispensed with the service of notice upon those whose residence was not known; and that as a result of that amendment the service of a notice of injury or the actual service of the complaint required by sec. 330.19 (5), Stats. (formerly sec. 4222, par. 5, Stats. 1898), was dispensed with as to those whose residence was not known. In relation to said statute the court stated in *Troschansky v. Milwaukee E. R. & L. Co.* 110 Wis. 570, 571, 86 N. W. 156,—

"The statute does not assume to limit the time in which the action is to be commenced. . . . The limitation is not upon the time of the commencement of the action, but upon the time within which a certain prescribed act, necessary to the enforcement of his cause of action, shall be done. If this is not performed within the time so limited, he loses his right to proceed."

And as we stated in *Manas v. Hammond,* 216 Wis. 285, 286, 257 N. W. 139,—

"The requirement of sec. 330.19 (5), as to the giving of notice, is a condition which must be complied with, and a failure in that respect leaves a plaintiff in a position where the courts cannot assist him by permitting the commencement of an action."

Consequently, as in the case at bar there has not been either the required service of a notice of injury or a complaint

*actually served* upon Lindner, within two years after the happening of the event causing his damages, plaintiff has failed to perform the condition precedent required by sec. 330.19 (5), Stats., in order to entitle him to maintain the action in question.

*By the Court.*—Judgment affirmed.