NELSON, Respondent, vs. AMERICAN EMPLOYERS' INSURANCE COMPANY and another, Appellants.

*September 18—October 7, 1952.*

For the appellants there was a brief by *Wallace Reiss,* attorney, and *Richard V. Reiss* of counsel, both of Milwaukee, and oral argument by *Richard V. Reiss.*

For the respondent there was a brief by *Whyte, Hirschboeck & Minahan,* attorneys, and *Victor M. Harding* and *John G. Vergeront* of counsel, all of Milwaukee, and oral argument by *Mr. Vergeront.*

BROWN, J.

### APPEAL FROM ORDER NO. 1.

After we returned the record to the trial court the defendants found reasons involving New Mexican law which might have been, but were not, submitted when they were here on the question of the alleged insufficiency of the complaint to state a cause of action. Thereupon they again demurred to the complaint on the same ground. The learned trial court, WILLIAM F. SHAUGHNESSY, circuit judge, overruled the demurrer by order dated March 12, 1951. Defendants appealed from this on February 8, 1952.

The learned trial court's order was clearly correct. Successive demurrers on the same ground to the same pleading cannot be permitted if pending actions are to be disposed of. When we held on the former appeal that plaintiff had pleaded a cause of action under the law of New Mexico that became the law of the case. The defendants had their day in court and it was incumbent upon them then to submit their complete argument in support of their position. The case cannot be heard again because counsels' subsequent research convinces them that more might be said.

### APPEAL FROM ORDER NO. 2.

The plaintiff applied to the trial court for permission to amend her complaint and an order giving permission was granted by WILLIAM F. SHAUGHNESSY, circuit judge, May 8, 1951. Conformably thereto, plaintiff's allegations which originally charged the defendant driver with ordinary negligence were changed to charge him with gross negligence. On February 8, 1952, the defendants appealed from this order.

Defendants submit that in Wisconsin ordinary negligence and gross negligence are considered separate causes of action,—a proposition which may be conceded. *Hafemann v.*

*Seymer* (1926), 191 Wis. 174, 210 N. W. 373; *Astin v. Chicago, M. & St. P. R. Co.* (1910), 143 Wis. 477, 128 N. W. 265. They are not, however, inconsistent in the sense that a choice of one absolutely waives the other; both causes may be pleaded in the same complaint, *Astin v. Chicago, M. & St. P. R. Co., supra,* page 493, but if plaintiff pleads only one she cannot recover upon the other without amending the complaint. Idem.

Defendants here apparently believe that in some way plaintiff is estopped to amend her complaint so as to charge gross negligence because she first alleged only ordinary negligence. If this is one of the contentions of defendants we can find no merit in it. However, their principal contention on this part of the appeal relates to the fact that the amendment was permitted more than two years after plaintiff's injuries were sustained. They say that May 8, 1951, the date of the amendment, is more than two years after the accident and that this is the first time the plaintiff "gave notice of a claim for gross negligence," and therefore an action arising out of the gross negligence of the defendant Nelson is barred by the statute of limitations. They rely on sec. 330.19 (5), Wis. Stats., which declares that an action for damages for an injury to the person must be brought within six years. The portion of the statute material to the question now before us provides:

"(5) . . . No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. Such notice

shall be given in the manner required for the service of summons in courts of record. No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating the description of the injuries, the manner in which they were received or the grounds on which the claim is made, provided it shall appear that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby; provided, that the provision herein requiring notice of two years shall not apply to any event causing damage which happened before the passage and publication of this act. When an action shall be brought and a complaint actually served within two years after the happening of the event causing such damages, the notice herein provided for need not be served."

The portion of the statute just quoted is not a statute of limitation but imposes a condition precedent to the right to maintain an action. *Hoffmann v. Milwaukee E. R. & L. Co.* (1906), 127 Wis. 76, 106 N. W. 808; *Manas v. Hammond* (1934), 216 Wis. 285, 257 N. W. 139; *Siebert v. Jacob Dudenhoefer Co.* (1922), 178 Wis. 191, 188 N. W. 610. When the condition is satisfied, the injured party has six years from the date of accident before the statute of limitations deprives him of his remedy. Bringing an action and actually serving a complaint within two years after the accident satisfies the condition and when that is done the statute expressly provides that the otherwise indispensable notice need not be served.

Defendants submit that this is a claim or an action "for gross negligence" and no notice for that was given or action commenced within the two years. Neither the words nor the intent of the statute fit their argument. The statute shows no interest in forms of action or the details of pleading. Not actions for this or that kind of negligence are specified in sec. 330.19 (5), Stats., but "action[s] to recover damages for an injury to the person." Such an action was brought and complaint served on September 9, 1949. The statute does not

prescribe what the complaint must contain and the court cannot do so without legislating. The amended complaint, now objected to, is in the same action and for the identical injury described in the original complaint. There has been no change except in the theory upon which plaintiff hopes to recover her damages. We conclude that the service of the original complaint within the two years dispensed with the notice otherwise required and that requirement went out of the case. *Wawrzyniakowski v. Hoffman & Billings Mfg. Co.* (1911), 146 Wis. 153, 158, 131 N. W. 429. We held there that the complaint is not a mere substitute for the notice and if the first action is dismissed the plaintiff will not be limited in a second action to the same grounds of negligence alleged in his previous complaint. In *Odegard v. North Wis. L. Co.* (1907), 130 Wis. 659, 110 N. W. 809, the plaintiff brought a timely action, was nonsuited in it and brought a second action for the same injury after the time had expired within which statutory notice might be given. The defendant made the same objection that the defendants do here. In passing upon it we said (p. 675):

"It [the statute] does not provide that the action in which the recovery is finally had shall be brought within the year, but only that, when an action (meaning, of course, an action to recover for the same injury) shall be brought and the complaint served within the year, no notice need be served. The condition was exactly fulfilled in the present case. The statute does not make it essential that the previous complaint shall allege the same grounds of negligence as that upon which the recovery is obtained, nor can we add any such requirement by construction. Under the terms of the statute, therefore, no notice was necessary."

Having begun her action and served her complaint to recover damages for the injuries she sustained in this accident within the two years following the event, plaintiff has no more concern with the limitation portions of sec. 330.19 (5), Stats.,

for the remainder of the six-year period therein prescribed. The order overruling the demurrer must be affirmed.

## APPEAL FROM ORDER No. 3.

Defendants demurred to the amended complaint and also moved for summary judgment. On June 28, 1951, the circuit court, GUSTAVE G. GEHRZ, circuit judge, overruled the demurrer and denied the motion. On February 8, 1952, the defendants appealed from both orders. The gist of the demurrer and of the motion for summary judgment was that no cause of action had been stated since action was barred by reason of plaintiff's failure to give notice or serve a complaint charging defendant Nelson with gross negligence for more than two years after the accident. It is exactly the contention made in the appeal from the order of May 8, 1951, and must meet the same fate.

## APPEAL FROM ORDER No. 4.

Defendants again moved for summary judgment on the amended complaint, which motion was denied by the circuit court, DANIEL W. SULLIVAN, circuit judge, on November 20, 1951. Appeal from the order of denial was taken February 4, 1952. The questions were the same as in appeals No. 2 and No. 3, and require the same answers.

The briefs contain arguments in which the original complaint is treated as a notice of injury and the parties dispute its sufficiency as a notice under sec. 330.19 (5), Stats. We have thought it better to consider it simply as a complaint and as a satisfaction of the conditions of the statute in that respect, but since the purpose of the statute is to warn the wrongdoer that a claim for damages may be made and to give him opportunity to collect and preserve his evidence we have on occasion treated a complaint as a notice. In

*Spote v. Aliota* (1949), 254 Wis. 403, 37 N. W. (2d) 31, we held that a complaint for damages caused by defendant's negligence, served during the two-year period, was an effective notice under sec. 330.19 (5), and that after the two years had run plaintiff might amend so as to complain under the safe-place statute (secs. 101.01 and 101.06), it appearing that there was no intent to mislead the defendant and the defendant was not misled. If the first complaint in the instant action should be considered as a notice, we find it gives the defendant driver the information which sec. 330.19 (5) requires the plaintiff to give him, to wit: The time and place where the damage occurred, a brief description of the injuries, the manner in which they were received, the grounds upon which the claim is made, and that satisfaction thereof is claimed of the person by whom it is claimed the damage was caused. Defendants argue that, as a notice, the complaint is defective in that its allegations sound in ordinary negligence whereas the recovery now is sought under allegations constituting gross negligence. We cannot agree. The statute provides that a notice shall not be deemed insufficient or invalid for inaccuracy or failure in stating, among other things, the grounds on which the claim is made, provided that it shall appear that there was no intent to mislead or misleading in fact. Since the first complaint informed defendant Nelson that his negligent driving was claimed to be the cause of the injuries, we consider that the statute's purpose was served. The later shift from ordinary to gross negligence is not as great a departure as the change from negligence to a violation of the safe-place statute which was approved in the *Spote v. Aliota Case, supra,* and the intent to mislead the defendants or their actual misleading is a question of fact which would have to be resolved upon a trial, not on demurrer or summary judgment. This treatment of the first complaint would not have changed the result of any of the appeals.

*By the Court.*—The four orders from which appeals were taken are affirmed and the cause remanded for further proceedings.