SYVER, Plaintiff and Respondent, vs. HAHN, Defendant: LINGOTT, Defendant and Appellant.

*January 13—February 7, 1956.*

For the appellant there was a brief by *Trinke & Raup* of Lake Geneva, and *Kenney, Korf & Pfeil* of Elkhorn, and oral argument by *Francis J. Korf.*

For the respondent there was a brief by *J. Arthur Moran* and *R. G. Richardson, Jr.,* both of Delavan, and oral argument by *Mr. Richardson.*

MARTIN, J.    After the judgment of foreclosure was entered two unsuccessful sales were had, in which the total amount of $13,000 was forfeited and the balance reduced to $11,175.82. Upon a third foreclosure sale, April 19, 1954, the premises were struck off to the plaintiff for $10,000.

While a motion for confirmation of the sale was under advisement Carol Lingott, who had succeeded to the rights of her deceased husband, one of the original defendant lien holders, raised $11,000 and obtained a draft for that amount from the First Mutual Savings Association payable to the plaintiff. She gave the draft to Mr. Hahn as her "intermediary" to "get it to Mr. Syver," Hahn having told her that if she would pay off the first mortgage she would get an assignment of the said mortgage and thus protect her interests as a lien holder. She had been advised to the same effect by Mr. Dunphy, her then attorney.

Mr. Hahn testified that upon the advice of Mr. Dunphy he had the $11,000 check certified and took it to court on July 2, 1954. There he told the judge, "This money is advanced by Mrs. Lingott for the assignment," and the judge handed the check to Miss Parsons, the clerk of court. When Miss Parsons prepared the receipt Hahn told her, "This money is advanced by Mrs. Lingott for the assignment of the first mortgage held by John Syver, so will you please make the receipt in the name of Carol Lingott." Miss Parsons replied, "That is not my understanding. The judge told me to give you the receipt," and made out the receipt to Mr. Hahn.

Miss Parsons testified that Hahn told her what he wanted on the receipt and although she could not recall whether he told her he wanted it made out to Carol Lingott, she did recall that he wanted it made out differently than she had been directed to do by the judge.

On July 21, 1954, having determined that the exact balance due on the foreclosure judgment had been $11,316.65, Hahn paid into court $316.65 in cash. On that date the court indicated it would treat the payments as a satisfaction of the judgment by Mr. Hahn, and on July 24th a satisfaction of the judgment was filed.

On December 17, 1954, Carol Lingott petitioned the court for an order vacating the satisfaction, reinstating the judgment, and subrogating her to the rights of the plaintiff therein. A hearing was had, after which the court denied the petition and, though it was not requested, ordered judgment in favor of Carol Lingott against Soon K. Hahn for $11,000. Thereafter, on his own volition, Mr. Hahn and his wife executed a mortgage covering the premises in favor of Carol Lingott, but said mortgage was never delivered.

It is our opinion that the trial court erred in refusing to subrogate Mrs. Lingott to the rights of the plaintiff in accordance with the prayer of her petition.

Sec. 278.15, Stats., provides:

"Any person having a junior lien upon the mortgaged premises or any part thereof or interest therein, may at any time before such sale, pay to the clerk of court, or the plaintiff or his assignee the amount of such judgment, taxes, interest, and costs, and costs subsequent to judgment, and shall thereupon be subrogated to all the rights of the plaintiff as to such judgment."

There is nothing in the record to show that the $11,000 check delivered to the court by Mr. Hahn represented Hahn's money. If there were no evidence to the contrary, the presumption would be that it was in fact his. But the record

is replete with evidence that Mr. Hahn attempted to make it plain that it was Mrs. Lingott, not himself, who was paying the judgment. The clerk's testimony tends to corroborate this, since she stated that the receipt which she made out to Mr. Hahn at the judge's direction was different from what Hahn requested. Mrs. Lingott testified that her only purpose in paying the $11,000 was to be subrogated to the plaintiff's rights and thereby protect her liens against the property.

Respondent contends that Mrs. Lingott did not comply with the provisions of sec. 278.15, Stats., in that the $11,000 was insufficient to pay the judgment. The only requirement of the statute is that the amount of the judgment, taxes, interest, and costs be paid before foreclosure sale. This was done. Mr. Hahn voluntarily paid into court $316.65 in cash when he found that the judgment exceeded $11,000 by that amount, and the statute was complied with. The undisputed evidence is that these payments were made to enable Mrs. Lingott to become subrogated to the plaintiff's rights in the judgment.

The question may present itself whether sec. 278.02, Stats., applied to the situation here and required Carol Lingott to make her payment to the plaintiff and demand of him the assignment of the mortgage. Although the argument is not made in either of the briefs, we may say it is our opinion that said section and sec. 278.15 are not mutually exclusive.

Respondent calls attention to the fact that while Mrs. Lingott is here appealing from that portion of the court's order which denied her petition to reinstate the judgment and subrogate her to the rights of the plaintiff therein, the order also provides for judgment of $11,000 in her favor against Soon K. Hahn. It is argued that if appellant is successful on this appeal her right to be subrogated will be inconsistent with her judgment against Hahn, and that thus she cannot maintain this appeal. The principle relied on is that "one waives his right to appeal when he accepts the fruits of a

judgment to which he may not be entitled if his appeal succeeds." *Rasmussen v. Schweizer* (1927), 194 Wis. 362, 367, 216 N. W. 481. Mrs. Lingott has accepted no fruits of the judgment which the court ordered. She has taken no action to enforce it. There is no reason why she cannot appeal from an order which denied her petition for subrogation, which was the only relief she asked for. To hold otherwise would have the effect of denying her the right to appeal. Any judgment in her favor against Hahn which may have been entered on the court's order will be vacated as the result of this decision.

*By the Court.*—Order reversed, and cause remanded with instructions to grant the relief prayed for in appellant's petition.