DOSTAL, by Guardian *ad litem,* and another, Appellants, vs.
MAGEE, Respondent.

*May 3—June 5, 1956.*

For the appellants there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *John Doar*.

For the respondent there was a brief by *Gwin & Petersen* of Hudson, and oral argument by *Wendell A. Petersen*.

GEHL, J.    The plaintiffs concede frankly that our conclusion in *Martin v. Lindner* (1950), 258 Wis. 29, 44 N. W. (2d) 558, is against them. They contend, however, that in some of our recent cases we have displayed a tendency to construe the provisions of sec. 330.19 (5), Stats., quite liberally in favor of claimants and suggest that we continue on that course and thereby find a means of accommodating them. They contend that sec. 330.40 should be read in connection with the provisions of sec. 330.19 (5), and that such reading when applied to the circumstances of this case will compel the conclusion that the service was timely.

Sec. 330.19 (5), Stats., provides that:

"No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, . . . shall be served upon the person or corporation by whom it is claimed such damage was caused, . . . [here follows a statement of the required contents of the notice]. Such notice shall be given in the manner required for the service of summons in courts of record. . . . When an action shall be brought and a complaint *actually served* within two years after the happening of the event causing such damages, the notice herein provided for need not be served." (Italics ours.)

Sec. 330.40, Stats., provides as follows:

"ATTEMPT TO COMMENCE ACTION. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of any provision of law which limits the time for the commencement of an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other proper officer of the county in which the defendants or one of them usually or last resided; . . . But such an attempt must be followed by the first publication of the summons or the service thereof within sixty days. . . ."

Neither of the statutes has been amended in any respect material to the issue here presented since the decision in *Martin v. Lindner, supra.*

The provisions of sec. 330.40, Stats., have reference only to the requirements of the law which limit the time for the commencement of an action, and the statute contains nothing which would indicate that the legislature intended that by its provisions those of sec. 330.19 (5) should be affected. Those of sec. 330.19 (5) require more than that an action be commenced to excuse the failure to give notice; they require in plain language that if the failure is to be excused the complaint must be *actually served* within the two-year period.

Such was the holding in *Martin v. Lindner, supra,* by which we consider ourselves bound. Counsel for plaintiffs call attention to the fact that sec. 330.40, Stats., was not referred to in the court's opinion. That is true, but that it was considered by the court must be assumed; it was referred to and discussed in each of the briefs presented.

It may be conceded that in some cases there are circumstances which would call for the application of a rule less technical than that which is of necessity applied here. But the clear and unambiguous language of the statute, the ruling in *Martin v. Lindner, supra,* and the omission of the legislature since the announcement of the decision in that case to amend the statute leave for us no alternative but to

affirm the judgment of the court below. To do otherwise would be to legislate by judicial action.

Plaintiffs contend that to construe the statute as we do would be to render it unconstitutional and urge that we so hold. We may not consider it since the question was not raised in the court below. *C. F. Trantow Co. v. Industrial Comm.* (1952), 262 Wis. 586, 55 N. W. (2d) 884.

*By the Court.*—Judgment affirmed.

CURRIE, J. (*concurring*). The result in this case points up the need for legislative revision of sec. 330.19 (5), Stats. While in the instant case the defendant Magee was only absent from the state, with whereabouts unknown, for the last few days of the two-year period available, a plaintiff, who has sustained personal injury through the negligence of a resident of this state, would be entirely remediless if such resident soon after the accident had left on a legitimate trip abroad which would have taken him out of the state for all of the remaining portion of the two-year period.

It would seem highly advisable that the legislature either provide that absence from the state by a resident should toll the two-year period for giving notice under sec. 330.19 (5), Stats., or better yet, that service of such notice be permitted to be made by registered mail addressed to the last-known address of the party whose negligence caused the injury. If such service by registered mail were authorized by legislation, not only would the problem be equitably solved of serving on an absent resident, but also a more practical means would be provided for obtaining service on nonresidents, thus preventing such a result as occurred in *Oldenburg v. Hartford Accident & Indemnity Co.* (1954), 266 Wis. 68, 62 N. W. (2d) 574.