LINGOTT, Appellant, v. BIHLMIRE, Respondent.*

*April 28—June 2, 1964.*

* Motion for rehearing denied, without costs, on July 20, 1964.

For the appellant there were briefs and oral argument by *Frederick F. Hillyer* of Madison.

For the respondent there was a brief by *Genoar & Braden* and *Berwyn B. Braden,* all of Lake Geneva, and oral argument by *Berwyn B. Braden.*

DIETERICH, J. The action concerns a parcel of property known as "Stone Manor" in Walworth county. Appeals involving this property have been before this court on three previous occasions. See *Syver v. Hahn* (1956), 272 Wis. 165, 74 N. W. (2d) 803; *Syver v. Hahn* (1959), 6 Wis. (2d) 154, 94 N. W. (2d) 161, and *Hahn v. Walworth County* (1961), 14 Wis. (2d) 147, 109 N. W. (2d) 653. The facts are documented not only by the record on the instant appeal, but also in three volumes of the Wisconsin Reports, and it may be best to give some of its litigious history. In 1945, Soon K. Hahn was the owner of record of the property in question. On March 12, 1951, Hahn and his wife mortgaged the property to John Syver, and the mortgage was duly recorded in the office of the register of deeds for Walworth county. In the same year, Syver commenced an action in the Walworth county court to foreclose the mortgage, and Richard H. Lingott, the since-deceased husband of the present appellant, Carol Lingott, was the holder of a judgment lien on the property in the amount of $15,000, and was a party to the action. A judgment of foreclosure was entered on April 22, 1952, and thereafter two foreclosure sales were held pursuant to the judgment, neither of which was confirmed by the court due to the purchasers' default. On July 2, 1954, the present appellant, Carol Lingott, was made a party to the 1951 foreclosure action by order of the county court. At the same time, Carol deposited the sum of $11,000 with the clerk of county court, and became subrogated to the rights of the mortgagee and judgment holder, John Syver, pursuant to mandate of this court in *Syver v. Hahn* (1956), 272 Wis. 165, 168, 74 N. W. (2d) 803. The proceedings relating to the subrogation were not recorded, and Syver's mortgage appears unsatisfied of record.

On September 21, 1954, Hahn and his wife executed a mortgage on the premises in the sum of $11,000 to Carol Lingott, and the mortgage was duly recorded. This mort-

gage remains unsatisfied of record. During the years 1948–1956, the city of Lake Geneva assessed general property taxes against the property in the total sum of $13,693.62. The taxes were not paid, and the tax certificates were sold to Walworth county. On December 11, 1959, the county served a notice of application for a tax deed to the premises on all interested parties—including Carol Lingott. This was the only notice of application given, and the deed was not taken until August 6, 1962. In the period between the notice and the actual taking of the tax deeds, Soon K. Hahn commenced an action in the county court of Walworth county to have the premises declared exempt from general property taxes. Carol Lingott was not a party to this action. The trial court entered summary judgment dismissing the complaint, and this court reversed in *Hahn v. Walworth County, supra.* The case was returned for trial and the county court found that the premises were properly assessed. On August 6, 1962, the county took a tax deed to the premises, which was duly recorded.

Carol Lingott commenced the instant action in the circuit court for Walworth county on January 10, 1963, and her complaint set forth two causes of action: (1) To set aside the tax deed to the county on grounds that no proper notice of application for such deed was served upon her, pursuant to sec. 75.12 (6), Stats.; [1] and (2) to have the premises adjudged wholly exempt from general property taxes. The county moved for summary judgment on the first cause of action on the grounds that the notice was proper and that the circuit court did not have jurisdiction over the action because of the prior jurisdiction of the county court. On July 12, 1963, the circuit court entered an interlocutory summary judgment dismissing the first cause of action upon the grounds asserted in the county's motion. Thereafter the

---

[1] "No tax deed shall be taken upon any notice of application therefor after one year from the last date of service of such notice."

county moved for summary judgment dismissing the second cause of action on grounds that: (1) The interlocutory judgment on the first cause of action extinguished Carol's interest in the property; and (2) pursuant to said judgment, the circuit court could not assume jurisdiction due to the prior jurisdiction of the county court. Final judgment dismissing Carol's complaint as to the second cause of action was entered on September 9, 1963. The plaintiff, Carol Lingott, has appealed from both judgments.

1. *The first cause of action.* Although the record of Hahn's county court action is not before this court, the report of the decision on appeal in that action reveals that it was an action to set aside the tax sale of Stone Manor, and to enjoin the county clerk from issuing any deeds upon the tax-sale certificates held by Walworth county. See *Hahn v. Walworth County, supra.* Appellant Carol Lingott's prayer for relief in the instant action is that the tax deed to Walworth county be declared null and void because of the inadequacy of the county's notice of intention to take a tax deed. This question was not before the county court in Hahn's action, nor was Carol Lingott a party to that action. Although the county court action resulted in judgment declaring that the county was entitled to the tax deed, there was no identity of parties, and the question of notice under sec. 75.12 (6), Stats., was not involved. Therefore, the county court judgment is not a bar to Carol's circuit court action.

The appellant contends that the tax deed taken by Walworth county is void because the deed was taken more than one year after service of the notice in violation of sec. 75.12 (6), Stats. That section provides that no tax deed shall be taken upon any notice of application therefor after one year from the last date of service of such notice. The trial court, in dismissing appellant's first cause of action, found that sec.

75.12 (6) is a statute of limitation, and thus could be tolled by the county court.

In the 1960 county court action commenced by Hahn against Walworth county, the county was temporarily enjoined from taking a tax deed. At the conclusion of that action, the court found that the limitation of time upon the taking of a tax deed had been tolled by the temporary injunction. The appellant's argument is that sec. 75.12 (6) is not a statute of limitation, but rather a condition precedent, and thus could not be tolled by the county court. Two terms are used in every discussion of this question—"right" and "remedy." In *Manas v. Hammond* (1934), 216 Wis. 285, 287, 257 N. W. 139, this court held that the notice-of-injury requirement of sec. 330.19 (5), Stats., was a condition precedent, rather than a statute of limitation, because the time requirement could not be said to affect either the right or the remedy directly, and was thus only a condition which must be fulfilled in order to secure the aid of the court. See also *Nelson v. American Employers' Ins. Co.* (1952), 262 Wis. 271, 275, 276, 55 N. W. (2d) 13. The same is true of sec. 75.12 (6), Stats. This statute does not assume to limit the time in which a tax deed may be taken upon a certificate, but only limits the time during which the notice is to remain valid. The time limitation upon the validity of tax certificates is contained in another section, 75.20 (2), Stats., which provides that: "Tax certificates dated in 1946 and thereafter shall be void after 11 years following December 31 of the year in which such certificates were dated." The limitation in sec. 75.12 (6) is not upon the validity of the certificates, it is merely a limitation upon the time after notice in which a tax deed must be taken. If the year runs out without taking the deed, notice may be given again. Properly construed, this limitation means that, although a party possessing a tax-sale certificate may take

a tax deed to the property in question after a certain period of time has passed, he shall not be permitted to take this deed unless within one year after the last service of the notice of application, he shall actually take the deed. See *Schultz v. Vick* (1960), 10 Wis. (2d) 171, 173, 102 N. W. (2d) 272, where similar principles were applied to the notice-of-injury requirements of sec. 330.19, Stats. 1955.

We determine that sec. 75.12 (6), Stats., is in the nature of a condition precedent rather than a statute of limitation, and as such, it could not be "tolled" by the action of the county court. It follows that the issuance of the deed to Walworth county was in violation of this section, and must be set aside. Consequently, the judgment of the circuit court dismissing Carol Lingott's first cause of action is reversed.

*2. The second cause of action.* Since we have determined that the tax deed is void, and that Carol Lingott does have an interest in the property, the question becomes whether the judgment in Hahn's prior county court action is a bar to Carol Lingott's second cause of action.

Carol Lingott's complaint in the instant action alleged that Hahn purchased the property as agent for a nonprofit foundation for the purpose of using the premises as a school; that the premises were operated by the foundation during the years in question solely for benevolent purposes; and that therefore the property was wholly exempt from general property taxes pursuant to sec. 70.11 (4), Stats., which exempts property owned and used by educational, benevolent, and religious institutions from the general property taxes. Referring again to the decision of this court on the appeal from the county court action, *Hahn v. Walworth County, supra,* it appears that Hahn's complaint in the county court action alleged that he purchased the property as agent for a nonprofit foundation for the purpose of operating a school; that during the years in question the premises were used by

the foundation for educational purposes; and that the property was thus exempt from taxation under sec. 70.11 (4). This court remanded the case for trial after holding that summary judgment was improper, and upon the remand to the county court it was found that the property taxes were properly assessed on the premises. No appeal was taken from this judgment.

In *Missionaries of La Salette v. Michalski* (1962), 15 Wis. (2d) 593, 113 N. W. (2d) 427, the plaintiff society sought relief from 1954 and 1955 tax levies against its property pursuant to the exemption allowed to educational, religious and benevolent institutions by sec. 70.11 (4), Stats. There had been a previous action involving the society wherein a village claimed that the establishment of a mission house violated the zoning ordinances. In that action it was found that the property was used exclusively for residential purposes. See *Missionaries of La Salette v. Whitefish Bay* (1954), 267 Wis. 609, 66 N. W. (2d) 627. This court held that the prior action was conclusive on the question of the use of the property in that the determination that the mission was used solely as a private residence precluded a finding that it was used exclusively for religious purposes.

The appellant is not the owner in fee, but the mortgagee of the property, and her claim for the tax exemption is based upon the identical facts and allegations raised by the owner in a prior attempt to have the property declared tax exempt in the county court, although there is no identity of parties, as there was in the *Missionaries Case,* there is, privity between Hahn and the appellant, for her claim that the property is exempt from taxation is based entirely upon the nature of Hahn's ownership, which Hahn had litigated in the prior action. Behind the phrase *res judicata* lies a rule of reason and practical necessity. *McCourt v. Algiers* (1958), 4 Wis. (2d) 607, 613, 91 N. W. (2d) 194. Under the somewhat

peculiar facts revealed by the record in the instant action, to allow the mortgagee to relitigate the very facts and the very issues raised by the mortgagor in a prior action would be not only unreasonable, but also contrary to practical necessity.

Applying the above rules to the facts of the instant action, we determine that the appellant, Carol Lingott, is precluded from raising the question of the taxable status of the property in the circuit court. The judgment dismissing the plaintiff's second cause of action is therefore affirmed.

*By the Court.*—The interlocutory judgment of the circuit court dated July 12, 1963, dismissing the plaintiff's first cause of action, is reversed, and the cause remanded with directions to enter judgment declaring the tax deed issued to Walworth County, and the subsequent conveyance of the property to John W. Bihlmire, null and void. The judgment of the circuit court dated September 9, 1963, dismissing the plaintiff's second cause of action is affirmed.

The following memorandum was filed July 20, 1964:

PER CURIAM (*on motion for rehearing*). We reaffirm our opinion on the merits and deny the motion for rehearing without costs. In the briefs on the motion for rehearing our attention has been called, for the first time, which we deem timely in this case, to the provisions of sec. 75.61 (1), Stats., which reads as follows:

"75.61 TAX SALES. (1) *One year limitation.* . . . In every action brought to set aside any such sale, or to cancel any tax certificate, or to restrain the issuing of any tax deed upon any ground whatever not going to the validity of the assessment and affecting the groundwork of such tax or special assessment, the plaintiff, if he show himself otherwise entitled to judgment, shall, before the entry thereof within a reasonable time to be fixed by the court, pay into the court for the person or persons claiming under such tax sale or tax certificate the amount for which such land was sold, and the amount paid by such person or persons for

taxes levied upon the premises subsequent to such sale, with interest on all such amounts at the rate of 8 per cent per annum from the times of payment until the said money be so paid into court; and in default of such payment within the time so fixed the defendant shall have judgment in the action. This provision as to the payment into court to be made by the plaintiff shall apply to all actions brought to cancel any tax deed, or to remove the cloud upon any title created by any tax certificate or tax deed where the action impeaches the tax deed or tax certificate upon any grounds whatever not affecting the groundwork of the tax for the nonpayment of which such deed or tax certificate was issued."

The mandate should be modified in accordance with the requirements of the statute and hence the original mandate on this appeal is withdrawn and the corrected mandate should read as follows: [1]

*By the Court.*—The interlocutory judgment of the circuit court dated July 12, 1963, dismissing the plaintiff's first cause of action, is reversed, and the cause remanded with directions to enter judgment under sec. 75.61 (1), Stats., setting aside and adjudging null and void the tax deed issued to Walworth county and the subsequent conveyance of the property to John W. Bihlmire, all on condition that the plaintiff make payment into court of such amount as she may be ordered to pay by the court in accordance with the provisions of sec. 75.61 (1). The judgment of the circuit court dated September 9, 1963, dismissing the plaintiff's second cause of action is affirmed.

[1] See mandate in *Bebb v. McGowan* (1932), 208 Wis. 400, 243 N. W. 460.