WESTERN PATTERN & MANUFACTURING COMPANY, Respondent, vs. AMERICAN METAL SHOE COMPANY, Appellant.

*November 16—December 13, 1921.*

*Judgment: Vacation: Lack of service of process: Meritorious defense need not be shown: Service on resigned officer of corporation.*

1. A judgment rendered in the absence of service of process on the defendant should be vacated, set aside, and expunged from the record; and a motion made for that purpose need not be coupled with a showing that the defendant had a meritorious defense to the cause of action set forth in the complaint.
2. The resignation of an officer of a private corporation terminates the office and a vacancy is at once created; and service of process on such resigned officer is not service on the corporation, notwithstanding a by-law providing that the directors of said corporation shall hold office until their successors are duly elected.

APPEAL from an order of the municipal court of Racine county: WALTER C. PALMER, Acting Municipal Judge. *Reversed.*

The appeal is from an order denying a motion to vacate and set aside a judgment rendered therein in favor of plaintiff and against the defendant.

*Eugene Wright Lawton* of Racine, for the appellant.

For the respondent there was a brief by *Gittings & Moyle* of Racine, and oral argument by *O. R. Moyle.*

OWEN, J. Plaintiff and defendant are Wisconsin corporations. Service of the summons in this action upon the defendant was attempted by delivering to and leaving a copy thereof with one M. Elholm on the 20th day of May, 1920, who at the time of such delivery was supposed to be the secretary of the defendant corporation. The defendant made default, and judgment was rendered in favor of the plaintiff upon the cause of action set forth in its complaint.

Thereafter the defendant procured an order requiring plaintiff to show cause why such judgment should not be set aside for the reason that the court had never obtained jurisdiction of the defendant, which said order to show cause was based upon an affidavit of the president of the defendant corporation to the effect that at the time of such attempted service the said M. Elholm was not the secretary of the said defendant corporation nor was he any other officer thereof upon whom service of summons upon said corporation might have been made; that he was secretary of said defendant corporation prior to the 31st day of October, 1919, but on said latter date he resigned said office, in writing, and that he likewise on said date resigned his office as a member of the board of directors of said company. In response to such order to show cause there was filed an affidavit, sworn to by Miller Patterson, president of plaintiff corporation, in which he deposed that he was informed and verily believed that one M. Elholm was secretary and director of the defendant prior to the 31st day of October, 1919; that he had no knowledge of his resigning his office; and that, as he is informed and believes, no successor was either elected or qualified in his place, either as director or secretary.

There is no denial of the fact that Elholm did resign as secretary of the company on the 31st day of October, 1919, and we regard it as a verity in the case that at the time of the attempted service, May 12, 1920, he was not an officer of the corporation unless, as contended in this court by respondent, he continued in office until his successor was elected and qualified. Patterson deposes that as "he is informed and verily believes the by-laws of the *American Metal Shoe Company* provide that the directors of said corporation shall hold office until their successors are duly elected." It has been held by this court that such a provision in the by-law of a corporation does not prevent the existence of a vacancy in an office of a private corporation upon the filing of a resignation by one who is then an incumbent of such office. The resignation terminates the office and a vacancy is at once

created. *Will of McNaughton,* 138 Wis. 179, 208, 118 N. W. 997, 120 N. W. 288. It accordingly follows that no summons was ever served upon the defendant and that the trial court never acquired jurisdiction to render judgment in the action.

It is contended, however, that the judgment rendered should not be vacated or set aside because the motion to that end was not coupled with a showing that the defendant had a meritorious defense to the cause of action set forth in the complaint. While the affidavit filed in support of the order to show cause avers "that the said *American Metal Shoe Company* has a good and sufficient defense to the cause of action as claimed by the plaintiff in the above entitled cause," it cannot be said to disclose a meritorious defense under the requirements of our practice.

There seems to be respectable authority in support of the proposition that even though a judgment be rendered against a defendant in the absence of any service upon him, yet a court of equity will not set such judgment aside in the absence of a showing that the defendant has a defense upon the merits to the cause of action. In 15 Ruling Case Law, p. 737, it is stated that a large preponderance of the authorities hold that, notwithstanding an alleged want of service, or notice, a court of equity will not interfere to set aside a judgment until it appears that the result upon a subsequent trial will be other than that already reached; or in other words, that there was a meritorious defense to the action. A note to the case of *Brandt v. Little* (47 Wash. 194, 91 Pac. 765) 14 L. R. A. N. s. 213, collates a number of decisions announcing such doctrine. While this rule has been applied in this state in actions brought to set aside judgments rendered by justices of the peace where jurisdiction was lost by reason of irregularities (*Stokes v. Knarr,* 11 Wis. 389; *Thomas v. West,* 59 Wis. 103, 17 N. W. 684), it has never been applied in cases where a judgment was rendered in the absence of any service upon the defendant.

The idea that a court will not relieve against a judgment

rendered in proceedings of which the defendant had no notice is obnoxious to our notions of fundamental justice, even though he have no defense upon the merits. The constitution of the United States provides that property shall not be taken without due process of law, and to seize a man's property by virtue of a judgment rendered by a court which never acquired any jurisdiction of the judgment debtor, in an action of which he had no notice and was never accorded an opportunity to be heard in defense thereof, would seem to be nothing less than a taking of property without due process of law. It may be that he had no defense to the action, but the fundamental law of the land secures to him the right to be heard in his defense; and as this right was deemed sufficiently sacred to be protected by constitutional provision, any action of a court in violation of such right is without vestige or shadow of authority, and its pronouncement under such circumstances is not a judicial pronouncement in any sense of the word. However, it is not necessary for us to discuss at length these fundamental principles which we think demonstrate the unsoundness of the doctrine that a court of equity will not set aside a judgment obtained under such circumstances, as this court has spoken definitely and often upon the very question here presented. It is firmly established in this jurisdiction that where a motion is made in the same case to set aside a judgment void for want of service upon the defendant, no showing in the nature of a meritorious defense is necessary. The judgment is held absolutely void and the court should expunge it from the record whenever its attention is called to the fact that jurisdiction of the defendant was not acquired by reason of a lack of service of process upon him. *Carr v. Commercial Bank,* 16 Wis. 50; *Wendel v. Durbin,* 26 Wis. 390; *Godfrey v. Wright,* 151 Wis. 372, 139 N. W. 193. A perusal of those cases, with *Rape v. Heaton,* 9 Wis. 328, and *Pollard v. Wegener,* 13 Wis. 569, fully reveals the attitude of this court upon the question of enforcing a judgment rendered in

the absence of service of process. Such a judgment has always been regarded as a mere nullity. It is not a judgment. It is the mere image of a judgment. Its enforcement constitutes a taking of property without due process of law, and will not be tolerated. It was the duty of the trial court to expunge the judgment from the record.

*By the Court.*—Order appealed from reversed, and cause remanded with directions to vacate the judgment.