STATE EX REL. NORTHWESTERN DEVELOPMENT CORPORATION, Petitioner, vs. GEHRZ, Circuit Judge, and another, Respondents.

*January 13—February 7, 1939.*

For the petitioner there was a brief by *Bloodgood, Kemper & Passmore,* attorneys, and *Charles H. Galin* of counsel, all of Milwaukee, and oral argument by *Mr. Galin.*

For the respondents there was a brief by *Dougherty, Arnold & Kivett* of Milwaukee, and oral argument by *Suel O. Arnold.*

FRITZ, J. From the record herein,—consisting of the petition for the writ of prohibition and the exhibits attached thereto,—there appear the following facts, which are admitted by the respondents' demurrer. The Empire Level Manufacturing Company claims that jurisdiction of the Northwestern Development Corporation, a Delaware corporation not licensed to do business in Wisconsin, was obtained by the above-mentioned circuit court action by service at Milwaukee of an amended summons and the complaint on July 5 and on July 21, 1938, respectively, by then and there delivering to and leaving with Meyer L. Schwartz, as the vice-president of that corporation, a copy of the summons and complaint, and an order to show cause returnable on July 26, 1938. On July 25, 1938, Messrs. Bloodgood, Kemper & Passmore, as attorneys for the Northwestern Development Corporation, served notice upon the attorneys for the Empire Level Manufacturing Company that they appeared "specially for the purpose of this motion only to object to the jurisdiction of the court over said defendant and for no other

purpose; and that upon the summons and the return thereon (and upon all the papers and proceedings), on file herein, and upon the annexed affidavits served herewith," they would move on August 5, 1938, "for an order setting aside and vacating the service of the summons" as to the Northwestern Development Corporation, and that the action be dismissed as to the Northwestern Development Corporation "for the reason that service of said summons and complaint in this action was not made upon" it, "nor upon an authorized officer or agent thereof, and that the attempted service of said summons upon Meyer L. Schwartz as an officer of said corporation is invalid for the reason that said Meyer L. Schwartz was not at the time of said attempted service an officer, agent, or employee of said corporation, and that therefore said service does not confer, and said court does not obtain jurisdiction over the person of the Northwestern Development Corporation which does not appear herein generally." Attached to that notice were affidavits by Meyer L. Schwartz and Charles H. Galin, an attorney for the Northwestern Development Corporation, in which they state that Meyer L. Schwartz was not an officer of that corporation at the time of the attempted service. In addition to matters thus stated, the following facts appear from the petition filed in this court, to wit: That because of the interval of only three days between the date of the attempted service and the return date of the plaintiff's order to show cause, the petitioner was unable to obtain affidavits from its officers, who reside in Montana, upon which to base a motion to vacate the service of the summons upon its special appearance; that all of its officers at the time of said service were outside the state of Wisconsin and resided near Norris, Montana, and because of the insufficient time to procure their affidavits, the affidavit of Meyer L. Schwartz and Charles H. Galin, as attorney for the corporation, were attached to and made the basis of the

motion to quash; that at the time of the attempted service of the summons and complaint on the petitioner, it was not engaged in or doing any business in Wisconsin, and had no officer or agent within the state; that as appeared from the petitioner's books and the minutes of a meeting of its directors, held on the 12th day of January, 1938, Meyer L. Schwartz resigned as vice-president and director, that Fred Schmit was duly elected as his successor, and ever since said date said Meyer L. Schwartz has had no connection with the petitioner and has never owned any of its stock; and that when the order to show cause of the plaintiff, Empire Level Manufacturing Company, came on for hearing before Judge GEHRZ on July 26, 1938, he insisted that the petitioner's motion to quash service be heard immediately instead of on August 5, 1938, although its attorney advised the court that it was not prepared to present said motion because there was not sufficient time to procure affidavits from the petitioner's officers or to procure its records from Montana. Thereupon the court, after hearing arguments on petitioner's special appearance, denied its motion to quash "upon the record as it now stands," but specified that it should have the right of renewing or making a new motion at a later time when proper affidavits had been secured. An order was entered accordingly on July 26, 1938, which also required the petitioner to deposit certain shares of stock with the circuit court for Milwaukee county, Wisconsin. On July 28, 1938, the plaintiff's attorney served upon petitioner's attorney an affidavit to which there was attached a copy of petitioner's annual report, certified to by its secretary and treasurer on December 31, 1937, and filed by it as a Delaware corporation with the secretary of state of Delaware on January 4, 1938. In that report it was stated that its principal office was at 900 Market street, Wilmington, Delaware, and Meyer L. Schwartz was listed as its vice-president and a director, with terms ex-

piring November 28, 1938. On August 2, 1938, plaintiff's attorneys again attempted to serve an affidavit and order to show cause upon the petitioner by serving a copy on Meyer L. Schwartz as the alleged vice-president of the petitioner. That order required the petitioner to show cause why its secretary and treasurer, Nathan S. Schwartz, should not submit to an adverse examination personally, and produce the books of said corporation for examination by the plaintiff at Deer Lodge, Montana. On August 4, 1938, the petitioner obtained an order to show cause upon attached affidavits of its president, C. A. Jillson, and Meyer L. Schwartz and its attorney, and also a certified copy of the minutes of a meeting of its board of directors on January 12, 1938. It was recited in that order to show cause that the petitioner was "appearing herein specially for the purpose of this motion only to object to the jurisdiction of the court over the person of the defendant, Northwestern Development Corporation, for the reason that proper service of the summons and other proceedings has not been made upon said corporation, and for no other purpose, said corporation not appearing herein generally." The order required the plaintiff to show cause on August 19, 1938,—

"why an order should not be made and entered setting aside and vacating the service of the summons in this action on the defendant, Northwestern Development Corporation, which appears herein specially to object to the jurisdiction of the court over its person, and why this action, the service of the summons, complaint, order and orders to show cause and all proceedings herein against the Northwestern Development Corporation should not be set aside, vacated and dismissed as to said Northwestern Development Corporation specially appearing herein, for the reason that proper and legal service of the summons and subsequent pleadings and orders was not made upon said Northwestern Development Corporation, and that the court has not and never has acquired jurisdiction of the person of said Northwestern Development Corporation.

"It is further ordered that pending the hearing herein and until the court shall have determined whether or not service of said summons and the order to show cause dated August 2, 1938, upon said Northwestern Development Corporation was proper and legal and whether the court acquired jurisdiction of the person of said corporation, all proceedings herein against the Northwestern Development Corporation pending to obtain the adverse examination of Nathan S. Schwartz as secretary and treasurer of the Northwestern Development Corporation and to examine the books and records of said Northwestern Development Corporation, or otherwise, are hereby stayed until the further order of the court."

The attached certified copy of the minutes of the meeting of the petitioner's board of directors is as follows (in so far as material herein) :—

"Special meeting of the board of directors of the Northwestern Development Corporation was held on the 12th day of January, 1938, at 1 o'clock P. M. in Room 5052, Plankinton building, 161 West Wisconsin avenue, Milwaukee, Wisconsin. . . .

"The president of the company, Harvey Schoenfeld, informed the board that when he consented to accept directorship and officership of the company, he did so with the understanding that he would not act for more than one term, and that since there was a failure of a quorum for a regular annual stockholders' meeting on last November, and that since there was therefore no successor elected to the office of the president, Mr. Schoenfeld informed the board that he wished to be relieved of his services as director and president and offered his resignation.

"Mr. M. L. Schwartz, director and vice-president of the company, voiced the same request. . . .

"N. S. Schwartz voiced his opinion that it was the understanding that the services of Harvey Schoenfeld and M. L. Schwartz as officers and directors of the company were not to be of long duration and that parties in interest, namely, stockholders of the company were to succeed Messrs. Schoenfeld and Schwartz as such officers and directors.

"Whereupon, after due deliberation and on motion duly made and seconded and unanimously carried, it was . . . further resolved that Fred Schmit of Saukville, Wisconsin, who is an officer of Great Lakes Engineering Corporation, a stockholder of this company, be, and he hereby is, elected as director and vice-president of the company to succeed M. L. Schwartz, whose resignation is this day accepted."

In the affidavit of Meyer L. Schwartz, attached to the order to show cause of August 4, 1938, he stated that he—

"is not now and was not on the above-mentioned dates [July 5, July 21, and August 2, 1938] an officer, agent or employee of the defendant Northwestern Development Corporation; that affiant duly resigned as an officer and director of said corporation on or about January 12, 1938, and that his resignation was duly accepted and that a successor to his office as director and vice-president of said corporation was duly elected. . . .

"That affiant is not now, and was not on the dates of the aforesaid attempted service upon him as an officer of said corporation, nor since his resignation in January, 1938, done or performed any duties or any business for or on behalf of said Northwestern Development Corporation, nor has he had any authority to act on behalf of said corporation; that Mr. Fred Schmit was duly elected to succeed affiant as vice-president and director on January 12, 1938, and that Fred Schmit has qualified and assumed and performed the duties of vice-president and director since his election."

Upon the hearing before Judge GEHRZ, pursuant to that order to show cause, the petitioner submitted further affidavits by C. A. Jillson, Fred Schmit, Nathan S. Schwartz, respectively, president, vice-president, and secretary and treasurer of the petitioner, in which it was stated (so far as material herein) that the petitioner had not held any meetings in Wisconsin since January 12, 1938; that on January 12, 1938, at a duly convened meeting of the board of directors of said corporation, Meyer L. Schwartz tendered

his resignation as director and vice-president; that the resignation as such officer and director was duly accepted, and that Fred Schmit was then duly elected as director and vice-president to succeed Meyer L. Schwartz; that upon his resignation on January 12, 1938, any connection of Meyer L. Schwartz with the petitioner was terminated and discontinued, and thereafter he did not act for or on its behalf. After a hearing on motions to vacate, the court filed a written decision and entered an order denying the petitioner's motion to vacate the service of the amended summons and complaint and the order to show cause, dated August 2, 1938. In its decision the court referred to an adverse examination of Meyer L. Schwartz on July 2, 1938, but no transcript thereof is attached to the decision or quoted from therein, or otherwise made a part of the record in this court. Consequently, it cannot be taken into consideration in this action, excepting in so far as the substance of parts thereof appear in the following references thereto in the court's decision, to wit: (1) That Meyer L. Schwartz refused, upon the advice of counsel, to disclose the name of his successor, but upon being adjudicated in contempt, he did so under a stipulation that the disclosure was to be subject to a ruling to be made by the court upon certification of the controverted point to it, that there should be such a disclosure; (2) and that Meyer L. Schwartz admitted that he was the corporation's vice-president from the time of its formation to a meeting claimed to have been held at Milwaukee, Wisconsin, in January, 1938. After mentioning that admission and the fact that the annual Delaware corporation report, certified on December 31, 1937, listed Meyer L. Schwartz as vice-president, the court stated that "a condition or status once proven to exist is presumed to continue in the absence of evidence to the contrary." Then, after characterizing the procedure at the directors' meeting on January 12, 1938, as

rather unusual, and the minutes thereof as unnecessarily self-serving in nature, the court stated that the entire procedure in relation to Meyer L. Schwartz's resignation and the election of his successor—

"does not impress the court as having been regular or straight. It is not deemed sufficiently credible or convincing to overcome the presumption above stated based upon the undisputed facts and formal corporation report filed in Delaware on January 4, 1938, only a week before the alleged special meeting. Equally unsatisfactory and unconvincing are the affidavits presented in support of the instant motion."

There is justification for the court's criticism that the recitals in the minutes seem unnecessarily self-serving, and that the procedure in relation to Schwartz's resignation and the election of his successor was rather unusual and irregular. However, the departures in those respects from the usual and regular formal procedure did not render the resignation ineffectual, if there was in fact such a meeting of the directors, and then and there Schwartz offered his resignation. That terminated his relation as an officer of the corporation, and he thereby vacated the offices of vice-president and director thereof, regardless of any irregularity in the acceptance of his resignation, or the election of his successor. *Will of McNaughton,* 138 Wis. 179, 208, 118 N. W. 997, 120 N. W. 288; *Western P. & M. Co. v. American M. S. Co.* 175 Wis. 493, 185 N. W. 535. The fact that the annual Delaware corporation report, certified December 31, 1937, and filed January 4, 1938, listed Meyer L. Schwartz as vice-president constituted sufficient basis for the application of the presumption of law that a condition or status once proven to exist is presumed to continue *in the absence of evidence to the contrary. S. S. Kresge Co. v. Garrick Realty Co.* 209 Wis. 305, 310, 245 N. W. 118; *Racine County v. Industrial Comm.* 210 Wis. 315, 317, 246 N. W. 303; *Krantz v. Krantz,* 211 Wis. 249, 257, 248 N. W. 155. But that presumption is appli-

cable only in the absence of evidence to the contrary. Such a presumption of law is not in and of itself in the nature or character of actual evidence. It is applicable and can constitute the basis for a finding only when there is no evidence at all as to the subsequent existence of the condition or status in question, and it disappears and is of no weight or significance whatsoever when, as in the case at bar, there is some uncontradicted and unimpeached, and not inherently incredible, evidence to the contrary. As is stated in 5 Wigmore, Evidence (2d ed.), § 2491,—

". . . It must be kept in mind that the peculiar effect of a presumption 'of law' . . . is merely to invoke a rule of law compelling the jury to reach the conclusion in the absence of evidence to the contrary from the opponent. If the opponent does offer evidence to the contrary (sufficient to satisfy the judge's requirement of some evidence), the presumption disappears as a rule of law, and the case is in the jury's hands free from any rule."

See *Smith v. Green Bay,* 223 Wis. 427, 430, 271 N. W. 28. Consequently, the presumption in question was inapplicable in the face of the facts which are stated in the minutes of the directors' meeting and in the uncontradicted and unimpeached affidavits submitted by the petitioner, and which, in so far as they are alleged in the petition herein, have been admitted to be true by the respondents' demurrer to that petition. Those facts compel the conclusion that Meyer L. Schwartz was not an officer of the petitioner after January 12, 1938, and that, therefore, no jurisdiction over the petitioner was acquired by the attempted service upon Schwartz on July 5 and July 21, and August 2, 1938. *Will of Mc-Naughton, supra; Western P. & M. Co. v. American M. S. Co., supra; People's Tobacco Co. v. American Tobacco Co.* 246 U. S. 79, 38 Sup. Ct. 233, 62 L. Ed. 587.

The respondents also contend that on two grounds the trial court was warranted in holding that the petitioner made

a general appearance in the circuit court action, when it obtained the order to show cause dated August 4, 1938, on its application on a special appearance. Respondents' first ground is that the petitioner in moving, pursuant to that order, to set aside the orders to show cause and all proceedings against the petitioner, in connection with the setting aside of the service of the summons and complaint, attempted to have the court vacate and set aside the order of July 26, 1938. Respondents' second ground is that by the order of August 4, 1938, the petitioner procured a stay, until the further order of the court, of all proceedings pending in the action against the petitioner to obtain an adverse examination of its secretary and treasurer, to examine its books and records, or otherwise. In so far as the respondents' contention is based on the latter ground, it cannot be sustained because it clearly appears from the record that the stay in the order dated August 4, 1938, was granted solely on petitioner's special appearance, and the showing upon which it relied to establish the insufficiency of the service sought to be vacated. Under those circumstances the stay was but incidental to, and consistent with, the vacation of the service as insufficient; and because of but that showing as to insufficiency and the consequent lack of jurisdiction over the petitioner, it was entitled to the stay requested. The petitioner's application for, and its obtaining of, the stay under but those conditions and in that manner did not result in a waiver of its special appearance. *Bitter v. Gold Creek Mining Co.* 225 Wis. 55, 58, 61, 273 N. W. 509.

Likewise, the respondents' contention that petitioner made a general appearance cannot be sustained in so far as it is based on the ground that in moving, pursuant to the order to show cause of August 4, 1938, to vacate the service, the petitioner attempted to set aside the order of July 26, 1938, denying petitioner's former motion to set aside the attempted

service of the summons and complaint on July 5 and July 21, 1938. The petitioner's application on August 4, 1938, was not a motion to vacate the order of July 26, 1938. That order was made without giving petitioner time to obtain affidavits in support of its motion, and in view of those circumstances, the court expressly stated therein that it was made "upon the record as it now stands." That qualifying statement, "upon the record as it now stands," bears out petitioner's claim and its allegation of the fact in its petition, that the order of July 26, 1938, was not intended to be final so as to bar a renewal of its motion to set aside the service without first applying to have the first denial thereof vacated. Under the circumstances, there was no occasion for, and there was in fact no application by the petitioner to set aside the order of July 26, 1938, on the ground of inadvertence, mistake, or excusable neglect, as was attempted in *Farmington Mut. Fire Ins. Co. v. Gerhardt,* 216 Wis. 457, 460, 461, 257 N. W. 595. It was held in that case that because relief on the grounds of inadvertence, mistake, or excusable neglect could only be granted upon a general appearance, an application for such relief constituted a waiver of a special appearance. But that has not occurred in the case at bar. The petitioner's second application to set aside the service was still based on solely the grounds that the service was ineffectual because at the time thereof Meyer L. Schwartz was not an officer of the petitioner, and that it was not transacting any business in the state.

It follows that the circuit court was without jurisdiction to proceed against the petitioner, and it is entitled to a writ of prohibition commanding the circuit court to desist and refrain from proceeding further against the petitioner in the action in question.

*By the Court.*—The writ of prohibition is granted.