SCHULTZ and another, Appellants, v. VICK and others, Respondents.*

*March 10—April 5, 1960.*

* Motion for rehearing denied, with $25 costs, on June 7, 1960.

For the appellants there were briefs by *Schubring, Petersen, Sutherland & Axley,* and oral argument by *Floyd A. Brynelson,* all of Madison.

For the respondents there was a brief by *Roberts, Boardman, Suhr, Bjork & Curry* of Madison, and oral argument by *Robert L. Curry.*

DIETERICH, J.   The issue in this case is whether defendants had a vested constitutional right in the statutory notice requirement under the provisions of sec. 330.19 (5), Stats. 1955, which provides:

". . . No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, . . . shall be served upon the person or corporation by whom it is claimed such damage was caused, . . ."

This court has repeatedly construed the notice-of-injury provisions of sec. 330.19 (5), Stats., as a condition precedent to the right to use a remedy.

In *Manas v. Hammond* (1934), 216 Wis. 285, 257 N. W. 139, this court stated (p. 286):

"The requirement of sec. 330.19 (5), as to the giving of notice, is a condition which must be complied with, and a failure in that respect leaves a plaintiff in a position where the courts cannot assist him by permitting the commencement of an action."

In *Martin v. Lindner* (1950), 258 Wis. 29, 44 N. W. (2d) 558, it was held that where no notice or complaint was served within the required two years after the happening of the event causing the damages, plaintiff failed to perform the condition precedent required by sec. 330.19 (5), Stats., in order to entitle him to maintain the action in question.

*Troschansky v. Milwaukee E. R. & L. Co.* (1901), 110 Wis. 570, 86 N. W. 156, in construing the notice requirement of this statute, said (p. 571):

"The statute does not assume to limit the time in which the action is to be commenced.  Properly construed, it means that, although a party may have a cause of action, he shall not be permitted to enforce it unless within one year from the happening of the event upon which it is based he shall

give the other party a certain prescribed notice. Giving that notice, he may commence his action within the time limited by law. . . . The limitation is not upon the time of the commencement of the action, but upon the time within which a certain prescribed act, necessary to the enforcement of his cause of action, shall be done."

The accident in which the plaintiffs received their personal injuries occurred on December 21, 1956. The summons was served on November 28, 1958. No notice of injury or object of action was served upon the defendants. The complaint was served on January 6, 1959. The defendants answered the complaint on January 22, 1959, and set up the affirmative defense that "no statutory notice, pursuant to sec. 330.19 (5), Stats. 1955, had been served, and that the cause of action was barred." On October 5, 1959, the plaintiffs demurred to the defendants' plea in bar on the ground that the two-year notice requirement under sec. 330.19 (5), Stats. 1955, was eliminated by the 1959 legislative amendment, sec. 330.205, Stats. 1959, published on August 15, 1959.

Sec. 330.205, Stats. 1959, provides:

"Within three years: An action to recover damages for injuries to the person for such injuries sustained on and after July 1, . . . *1955, unless notice in writing as provided in sec. 330.19 (5), 1955 statutes, was served prior to July 1, 1959, in which event sec. 330.19 (5), 1955 statutes, shall apply*. But no action to recover damages for injuries to the person, received without this state, shall be brought in any court in this state when such action . . . is barred by any statute of limitations of actions of the state or county in which such injury was received unless the person so injured shall, at the time of such injury, have been a resident of this state. . . ." (Ch. 295, Laws of 1959.)

The plaintiffs' cause of action arose when the collision took place. The substantive rights of the parties came into

being at that time. The notice requirement contained in sec. 330.19 (5), Stats., came into law through legislation and represents a legislative policy which is subject to legislative control. It fails to represent in any sense a fundamental right which is defined in or protected by the state or federal constitutions.

In 16 C. J. S., Constitutional Law, p. 1248, sec. 256, it is said:

"Except that the remedy is one that is expressly protected by a constitutional provision, there is no vested right to a particular remedy, and existing remedies may be changed or abolished, provided that a substantial remedy remains."

The amendment of sec. 330.205, Stats., affects merely the law of procedure to enforce the existing cause of action under the new procedure provided in the amendment.

The Fourteenth amendment of the United States constitution does not make an act of state legislation void merely because it has some retrospective operation. What it does forbid is taking life, liberty, and property without due process of law. *Chase Securities Corp. v. Donaldson* (1943), 216 Minn. 269, 13 N. W. (2d) 1, 325 U. S. 304, 65 Sup. Ct. 1137, 89 L. Ed. 1628; *Steffen v. Little* (1957), 2 Wis. (2d) 350, 86 N. W. (2d) 622; and *State ex rel. Sowle v. Brittich* (1959), 7 Wis. (2d) 353, 96 N. W. (2d) 337.

The amendment of sec. 330.205, Stats., did not violate a fundamental vested right of the defendants. The elimination of the notice requirement established a legislative change in procedure and the order overruling the demurrer is reversed.

*By the Court.*—Order reversed.