Crisp, Respondent, v. Checker Cab Company, Appellant.

*May 5—June 7, 1960.*

For the appellant there was a brief by *Kivett & Kasdorf,* attorneys, and *Alan M. Clack* and *John M. Swietlik* of counsel, all of Milwaukee, and oral argument by *Mr. Swietlik.*

For the respondent there was a brief by *Eisenberg & Kletzke,* attorneys, and *John W. Bernard* of counsel, all of Milwaukee, and oral argument by *Mr. Bernard.*

DIETERICH, J. The statutory limitation for the commencement of the action is within six years. Sec. 330.19 (5), Stats., as amended July 15, 1953, applies. *Schultz v. Vick,* ante, p. 171, 102 N. W. (2d) 272. The material parts thereof provide:

"No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be

served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record. No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating or omitting any detail, provided it appears that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby. It is declared that the purpose of this statute is to prevent the prosecution of claims after the investigation of the facts upon which they are based shall have become difficult and no notice which advises the person to whom it is addressed of the principal facts upon which the claim is based shall be deemed insufficient if it substantially meets the requirements hereof."

The accident occurred on May 11, 1953. The following notice of injury was served upon the defendant on April 21, 1955:

"Please take notice that Taber Crisp of 2824 Durand avenue, in the city and county of Racine, state of Wisconsin, while a passenger in a Checker cab, traveling on or near West Oklahoma avenue, in the city and county of Milwaukee, state of Wisconsin, received injuries to his person and body. That such injuries were received by Taber Crisp on or about the 11th day of May, 1953, when he was thrown to the floor of the cab as a result of negligence on the part of one of your employees in the operating of the cab in which Mr. Crisp was riding.

"That the said Taber Crisp, in addition to the injuries set forth above, suffered great pain of body and mind from such injuries and was for many months disabled from attending to his business, thereby suffering great pecuniary loss, all in the sum of $25,000; that satisfaction thereof is claimed of the said Checker Cab Company."

This action was commenced by the service of summons and complaint on November 2, 1956. The amended com-

plaint states that on May 11, 1953, the plaintiff was a passenger in a taxicab owned by defendant corporation, and was operated by one of its agents, servants, or employees, in a careless, reckless, and negligent manner in crossing several railroad tracks on or near South Second street and West Oklahoma avenue, so as to cause the plaintiff to be thrown from the seat of the taxicab to the floor, causing the plaintiff to sustain severe injuries; that South Second street and West Oklahoma avenue are public highways extending in a northerly-southerly direction and easterly-westerly direction respectively in the city and county of Milwaukee.

The defendant challenges the sufficiency of the notice of injury on the ground that the description of the place of accident contained in the notice, "on or near West Oklahoma avenue, in the city and county of Milwaukee, state of Wisconsin," does not constitute a substantial compliance with the requirements of the statute, and in support of its motion for summary judgment presented the following affidavit of Ward Schram, its vice-president:

"That on April 21, 1955, the above-named defendant was served with the following notice by Sydney M. Eisenberg, the attorney for the plaintiff in the above-entitled action:

. . .

"That by reason of the fact that the above-quoted notice of injury did not specify the place of the accident involved in this case, sufficient definiteness and certainty, the defendant, Checker Cab Company, has never been able to ascertain whether or not one of its cabs was involved in this accident, or whether or not there were any witnesses to the accident in question.

"That the commencement of the above-entitled action was accomplished by the service of a summons and complaint upon this answering defendant on the 2d day of November, 1956, more than three years subsequent to the date of the alleged accident referred to in the plaintiff's complaint.

"That the only other notice of any kind which was received by this answering defendant from any person was a

letter dated the 3d day of August, 1955, from the Liberty Mutual Insurance Company to this answering defendant, which is attached hereto . . . which letter simply states that the plaintiff was injured while riding as a passenger in one of the taxicabs owned by this answering defendant and injured therein, and further relating the extent of compensation payments made to the plaintiff by the Liberty Mutual Insurance Company, the purpose of said letter being to advise this answering defendant of the lien which that company had on any settlement made with the plaintiff.

"That this affidavit is made in support of the defendant's motion for summary judgment.

"That this answering defendant believes the complaint of the plaintiff has no merit."

*Sufficiency of Notice.*

Sec. 330.19 (5), Stats., as amended, provides:

". . . No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating . . . *or omitting any detail,* provided it shall appear that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby; provided, . . . *no notice which advises the person to whom it is addressed of the principal facts upon which the claim is based shall be deemed insufficient if it substantially meets the requirements hereof. . . .*" (Chs. 61, 444, 631, Laws of 1953.)

The defendant in this case claimed the benefit of an exception in the statute for the purpose of having the notice declared as a matter of law insufficient. The exception being that it was the intention of the plaintiff to mislead it, and that the defendant was in fact misled. This placed the burden of proof upon the defendant to prove the facts upon which it relied. The question as to who had the burden of proof is governed by a very practical question, as to who has to begin. In the present case the moving party is the Cab Company claiming summary judgment as a matter of

law under the statute. It had the burden of making or meeting a *prima facie* showing on the issue of having been misled.

The defendant in its affidavit in support of its motion for summary judgment claims that the place of accident is not adequately specified and that because of this fact it has not been able to ascertain whether its cab was involved in the accident, and further that it has been unable to determine whether or not there were any witnesses, and that the summons and complaint were served more than three years after the accident.

Sec. 330.19 (5), Stats. 1953, in the closing sentence states: "No notice which advises the person . . . of the principal facts upon which the claim is based shall be deemed insufficient if it substantially meets the requirements hereof."

The notice was served within twenty days of the expiration of the two-year period and within two years after the happening of the alleged event causing the damage. The plaintiff had the right by statute to serve the notice within any time within two years after the happening of the event.

In *Ullman v. Freye* (1953), 263 Wis. 199, 56 N. W. (2d) 821, this court held that a notice which failed to state the date of the accident was nevertheless a sufficient compliance with the statute. That case was decided before the 1953 amendment. The amendment substitutes more-general language providing that a notice of injury shall not be deemed insufficient or invalid solely because of the omission of any detail. This constituted an enlargement of the provision of the statute in line with its declared purpose. The sufficiency of the notice in *Ullman v. Freye, supra,* was grounded on the fact that if the defendants did not know the date of the accident it was easily ascertainable. The court also held that there was no intention on the part of the claimant to mislead the defendants, nor any claim by the defendants that they were misled.

A defendant who has received a notice of injury which substantially meets the requirements of the statute cannot sit back and wait for a summons and complaint to be served upon him and then be permitted to state by affidavit, for the purpose of attacking the sufficiency of the notice, that he has been deprived of the right of investigation.

In 31 C. J. S., Evidence, p. 708, sec. 103, it is said:

"The phrase 'burden of proof,' . . . is used indiscriminately as meaning either the necessity of establishing a fact or the necessity of making or meeting a *prima facie* showing. . . . the burden of proof and the burden of evidence are not the same thing, the burden of evidence may be defined as the burden of making or meeting a *prima facie* showing as to an issue."

Sec. 270.635, Stats., requires that the affidavit to be filed by the party moving for summary judgment shall state evidentiary facts. *Krause v. Western Casualty & Surety Co.* (1958), 3 Wis. (2d) 61, 65, 87 N. W. (2d) 875.

We conclude that the record and the statute establish that there is a question of fact for trial which could not be resolved by the trial court on motion for summary judgment.

*By the Court.*—Order affirmed.