Dennis and David GRUMMITT, minors, by their father and next friend, William J. Grummitt and William J. Grummitt, Plaintiffs,

v.

STURGEON BAY WINTER SPORTS CLUB OF STURGEON BAY, WISCONSIN, John Purvis and George Resch, individually, and d/b/a Sturgeon Bay Winter Sports Club, Defendants.

No. 59-C-22.

United States District Court
E. D. Wisconsin.

Sept. 18, 1961.

As Amended Sept. 25, 1961.

**456**

Fred S. Posner, Harry S. Posner and Arthur A. Ellis, Chicago, Ill., Genoar & Braden, Lake Geneva, Wis., for plaintiffs.

Gerald P. Hayes, Milwaukee, Wis., for defendants.

GRUBB, District Judge.

This is an action for personal injuries sustained by the plaintiffs, Dennis and David Grummitt, while riding down a toboggan slide allegedly operated by the defendants. Defendants have moved for summary judgment dismissing the complaint because no notice of injury or complaint was served upon the defendant, Sturgeon Bay Winter Sports Club (hereinafter referred to as the "Club"), a nonstock corporation, as required by Section 330.19(5), Wis.Stats. (1955).[1] Plaintiffs allege that the Club was properly served, but if the court should find to the contrary, they ask leave to file and serve an amended summons and complaint against the Club as an additional defendant.

The contract between the Club and the State Conservation Commission of Wisconsin provides that the Club, as lessee, was granted a concession to carry on the management of the winter sports area at Potawatomi State Park, including the furnishing of winter sports supplies and services. The lessee was also to take full charge of conduct on the ski areas. The State Conservation Commission, as lessor, was to own and take full charge of the operation of the toboggan and ski tows and maintenance of the hills, furnish oil and gas, repairs, and all other items of expense arising from the ski and toboggan tows themselves.

At the time of the alleged injuries in question (December 30 or 31, 1956), Section 330.19(5) required that a notice of

1. "330.19 *Within 6 years; foreign limitation; 2-year and one-year notices of injury or damage.* Within 6 years:

\* \* \* \* \* \* \*

"(5) \* \* \* No action to recover damages for an injury to the person shall be maintained unless, within 2 years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record. No such notice shall be deemed insufficient or invalid solely because of any inaccuracy or failure therein in stating or omitting any detail, provided it appears that there was no intention on the part of the person giving the notice to mislead the other party and that such party was not in fact misled thereby. It is declared that the purpose of this statute is to prevent the prosecution of claims after the investigation of the facts upon which they are based shall have become difficult and no notice which advises the person to whom it is addressed of the principal facts upon which the claim is based shall be deemed insufficient if it substantially meets the requirements hereof. When an action shall be brought and a complaint actually served within 2 years after the happening of the event causing such damages, the notice herein provided for need not be served."

injury be served upon the person or corporation against whom satisfaction was claimed within two years after the date of the injury. If such notice was served, the statute provided for a six year limitation within which to commence an action. This statute was repealed and was superseded by Section 330.205, Wis. Stats. (1959).[2] Under the new statute, the notice of injury requirement is abolished, and the period of limitation is placed at three years. However, where the injuries occurred on or after July 1, 1955, and notice in writing as provided in Section 330.19(5), 1955 Statutes, was served prior to July 1, 1959, then the six year limitation under the 1955 Statute still applies. It thus appears that if process were properly served upon the Club within three years after the injuries were sustained, the notice of injury requirement is abolished retroactively.

In Schultz v. Vick, 1960, 10 Wis.2d 171, 102 N.W.2d 272, the court held that defendants had no vested right to such notice, and its elimination as a condition precedent to the maintenance of an action for injuries was merely a legislative change in procedure. As in this action, the injuries were sustained in 1956 while the statute requiring notice was in effect.

■ Since the court is of the opinion that the attempted service of process upon the Club on February 3, 1959, was invalid for reasons discussed below, the three year limitation has run with the possible exception of such claim as Dennis Grummitt may have.

Plaintiffs claim that the correspondence between the parties in 1957 and 1958 constitutes sufficient compliance with the notice of injury statute of 1955. In this event the six year limitation would apply, and the court could grant plaintiffs' motion to file and serve amended process against the Club.

The material facts follow. In reply to his inquiry, the injured boys' father, Wil-liam Grummitt, received a letter from the Wisconsin Conservation Department advising him that the premises where the accident occurred were operated by the Club under an agreement with the State of Wisconsin. The agreement was signed on behalf of the Club by John Purves as president and by George Resch as secretary. In March, 1957, the boys' parents wrote a letter addressed to "Sturgeon Bay Winter Sports Club, Mr. John H. Purves, and Mr. Geo. Resch" at Sturgeon Bay, Wisconsin. The letter informed them of the general nature of the accident and extent of the injuries and expressed the hope that " * * * your club is covered by some kind of insurance * *." They received a reply expressing sympathy for the accident but disclaiming any liability on the part of the Club. There is also a letter in the record sent to the Club by plaintiffs' attorneys, claiming a lien upon one-third of " * * * whatever amount is recovered in settlement of this claim," and requesting the Club to forward the name of its insurance carrier.

It has been held that a notice, sufficient in form and content and timely received by the defendant by mail, is a substantial compliance with the statute. Burmek v. Miller Brewing Company, 1957, 2 Wis.2d 330, 86 N.W.2d 629. It is apparent that in the instant case the letters mailed to the defendants were not sufficient in "form and content," since nowhere therein was a claim for satisfaction made against the Club.

The court in Beyer v. Seymer, 1946, 249 Wis. 257, 24 N.W.2d 616, while recognizing that the notice requirement was to be liberally construed, nevertheless held that an indispensable element of any notice was a claim for satisfaction against the defendant. The court found no substantial compliance with the statute even though plaintiff's attorney had served a notice upon defendant for an

---

2. "330.205 *Within 3 years.* Within 3 years: An action to recover damages for injuries to the person for such injuries sustained on and after July 1, * * * 1955, unless notice in writing as provided in s. 330.19(5), 1955 statutes, was served prior to July 1, 1959, in which event s. 330.19(5), 1955 statutes, shall apply. * * * *"

adverse examination and had sent a letter stating that he was retained by the plaintiff " * * * relative to the institution of a malpractice action as the result of your treatment of Mr. Beyer's (plaintiff's) fractured toe. Kindly refer this matter to your insurance carrier or contact the undersigned immediately upon receipt of this letter; * * *." 249 Wis. at page 259, 24 N.W.2d at page 617.

In Lockman v. Steensland, 1921, 174 Wis. 570, 183 N.W. 676, it was held that letters passing between the parties or their attorneys looking toward settlement of the differences between the parties are not a substitute for a notice demanding satisfaction for the injuries.

█ Moreover, there is no basis for a finding that the corporation is estopped from denying that it had sufficient notice. Cases so holding were based upon findings that the defendant had given express assurances to the plaintiff that no further papers need be served upon the defendant, or that it would not be necessary to obtain legal counsel. Guile v. La Crosse Gas & Electric Company, 1911, 145 Wis. 157, 130 N.W. 234; Maurer v. Northwestern Iron Company, 1912, 151 Wis. 172, 138 N.W. 636; Will v. Jessen, 1956, 273 Wis. 495, 78 N.W.2d 905; cf. Brown v. Farmers Mutual Automobile Insurance Company, 1960, 11 Wis.2d 269, 105 N.W.2d 319. No such assurances were given by the Club in this case.

Since the notice of injury was insufficient, there remains for consideration plaintiffs' claim that they have commenced an action against the Club by proper service of a summons and complaint on February 3, 1959, upon defendants Resch and Purves as "apparent agents" of the Club. Subsections (1) and (3) of Section 262.09, Wis.Stats. (1955), in effect at the time of service attempted in this action, provide that service of process upon a domestic corporation may be made by delivering a copy of the summons upon " * * * the president, vice president, superintendent, secretary, cashier, treasurer, director, trustee or managing agent," or if such corporation

has no officer or agent within the state, service of the summons and complaint may be made by mailing copies thereof to the corporation. Subsection (1) provides an alternative method of service; i. e., leaving a copy of the summons in the office of one of the specified officers with the person who is apparently in charge of the office.

Subsections (3) and (7) of Rule 4(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provide for service on a corporation by delivering a copy of the summons and complaint on " * * * an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process * * *," or by service in the manner prescribed by the law of the state.

The affidavits of defendants Resch and Purves, which affidavits are undisputed, state that neither of them has held any office or employment with the Club since 1954, although both apparently are still members. Plaintiffs claim that the correspondence on file herein indicates that the Club has clothed Resch and Purves with "apparent authority" as officers or agents, or that the Club is estopped to deny such authority.

█ Three elements are necessary to establish apparent agency: (1) Acts by the agent or principal justifying belief in the agency, (2) knowledge thereof by the party sought to be held, and (3) reliance thereon by the plaintiff, consistent with ordinary care and prudence. Hansche v. A. J. Conroy, Inc., 1936, 222 Wis. 553, 269 N.W. 309.

█ It is claimed that the letter received by William Grummitt from the Wisconsin Conservation Department stating that Purves and Resch had signed an agreement as president and secretary, respectively, of the Club, and the fact that Purves replied to Grummitt's letters on behalf of the Club all indicate that plaintiffs were justified in believing that Resch and Purves were still officers or general agents. It is well settled that the apparent authority for which the princi

pal may be liable must be traceable to him and cannot be established by the acts or conduct of the agent. The principal is liable only for that appearance of authority caused by himself. Hansche v. A. J. Conroy, Inc., supra; Mattice v. Equitable Life Assurance Society of the United States, 1955, 270 Wis. 504, 515, 71 N.W. 2d 262, 55 A.L.R.2d 1206.

The fact that Purves responded to plaintiffs' letters and signed on behalf of the Club could not give rise to a reasonable belief that he was still an officer of the Club, particularly since the letters were addressed to Purves and Resch individually as well as to the Club, all at the general address of "Sturgeon Bay, Wisconsin," nor could plaintiffs rely upon the alleged agreement made with the State of Wisconsin by the Club and signed by Resch and Purves as officers. It is probable that this agreement was signed prior to 1954 when admittedly they were officers.

In Western Pattern & Manufacturing Company v. American Metal Shoe Company, 1921, 175 Wis. 493, 185 N.W. 535, 20 A.L.R. 264, it was held that service upon a former corporate officer who had resigned the year before was invalid even though no successor was elected and plaintiff's affidavit stated that he had no knowledge of the resignation. Similarly, service upon a former officer of the defendant corporation was set aside in State ex rel. Northwestern Development Corporation v. Gehrz, 1939, 230 Wis. 412, 283 N.W. 827. The trial court in upholding the validity of the service apparently relied upon an annual report published a week before the officer's resignation in which he was listed as vice-president. In reversing, the supreme court stated at pages 421–422 of 230 Wis., at page 832 of 283 N.W.:

" * * * The fact that the annual Delaware corporation report, * * listed Meyer L. Schwartz as vice-president constituted sufficient basis for the application of the presumption of law that a condition or status once proven to exist is presumed to continue *in the absence of evidence to the contrary.* * * * But that presumption is applicable only in the absence of evidence to the contrary. * * * and it disappears and is of no weight or significance whatsoever when, as in the case at bar, there is some uncontradicted and unimpeached, and not inherently incredible, evidence to the contrary. * * *"

No valid reason appearing why plaintiffs could not have served the corporation by one of the authorized methods provided in the statutes, the court finds that the service upon Resch and Purves, who were not proper agents for service, apparent or actual, was invalid so far as the corporation was concerned.

It should be noted also, although not necessary to this decision, that there is serious doubt as to whether the Club was even denominated as a separate defendant by the summons and complaint. The summons was directed against "John Purvis and George Resch, individually and d/b/a Sturgeon Bay Winter Sports Club of Sturgeon Bay, Wisconsin." Such a designation is merely descriptive of the individuals named and does not indicate an intent to sue the business entity as well. Kerner v. Rackmill, D.C.M.D.Pa. 1953, 111 F.Supp. 150, 151. Unlike the summons, the complaint does name the Club in the caption as a separate defendant, but nowhere in the caption or in the body of the complaint is there any statement, identification, or allegation as to its corporate status.

Since no notice of injury was served on the Club prior to July 1, 1959, and no process was served within three years after the injuries were sustained, the Statute of Limitations has run. Section 330.205, Wis.Stats. (1959). Although the court is aware of the fact that liberality should be exercised in allowing amended pleadings under Rules 4 (h) and 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the court should not allow such amended pleadings where it clearly appears that material prejudice would result to the substantial rights of the parties. A new defendant cannot normally be added or substituted

after the Statute of Limitations has run. Kerner v. Rackmill, supra; Messelt v. Security Storage Co., D.C.D.Del.1953, 14 F.R.D. 507; Lomax v. United States, D. C.E.D.Pa.1957, 155 F.Supp. 354.

Defendants' motion for summary judgment is hereby granted.

Plaintiffs' motion to file and serve an amended summons and complaint against the corporation is hereby denied but without prejudice as to plaintiff, Dennis Grummitt, who allegedly reached the age of majority on October 15, 1960. If this be true, the Statute of Limitations as to his cause of action will not run until one year after he attains his majority. Section 330.33, Wis.Stats. (1959).

Plaintiffs' alternative motion to file a new cause of action against John H. Purves, individually, for breach of warranty of authority is also denied without prejudice.