**Dennis GRUMMITT, Plaintiff,**

v.

**STURGEON BAY WINTER SPORTS CLUB OF STURGEON BAY, WISCONSIN, a corporation, Defendant.**

**No. 61–C–237.**

United States District Court
E. D. Wisconsin.

July 31, 1963.

Fred S. Posner, Chicago, Ill., for plaintiff.

Gerald P. Hayes, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

Defendant has moved for summary judgment on the ground that the cause of action is barred by the statute of limitations.

The alleged injury in suit occurred in December 1956. At that time Section 330.19(5), Wis.Stats.1955, provided for a six year period of limitations with the condition that notice of injury be given within two years after the happening of the event causing damage. In 1957, the notice requirement of this section was repealed and a three year statute of limitations was made applicable to actions for damages for personal injuries sustained on or after July 1, 1957. Section 330.205, Wis.Stats.1957. In 1959, Section 330.205 was amended to make the three year statute of limitations applicable retrospectively to injuries sustained on and after July 1, 1955, unless notice of

injury under former Section 330.19(5), 1955 statutes, was served prior to July 1, 1959. If such notice had been served, then the six year period of the 1955 statute would be applicable.*

The result of the 1959 amendment of the statute of limitations is that in respect to personal injuries occurring on and after July 1, 1955, and before July 1, 1957—and, therefore, including injuries occurring in December of 1956—an action may be commenced either within three years of the date of the happening or, where timely notice of injury has been given, within six years of the event.

In the prior action involving the injury in suit, commenced by two minor plaintiffs, appearing by their father, and by the father, William J. Grummitt, this court held that no valid notice of injury was given within two years; that defendants were not estopped to deny the failure to give notice; and that the six year period of limitations was therefore not available to plaintiffs. Further, it was found that attempted service on defendants within the three year period of limitation was defective. The action was dismissed but without prejudice to the rights of the minor plaintiff, Dennis Grummitt. Grummitt v. Sturgeon Bay Winter Sports Club, 197 F.Supp. 455 (E.D.Wis.1961).

In affirming, the court of appeals noted the alternative limitation periods available in respect to this cause of action in Grummitt v. Sturgeon Bay Winter Sports Club, 304 F.2d 98 (7th Cir.1962), at 101, as follows:

"* * * We hold that as no notice of injury was served on the Club prior to July 1, 1959, and no process was served within three years of the date when the injuries were sustained, plaintiff is barred by the Wisconsin statute of limitation. Section 330.205, Wis.Stats. (1959)."

Plaintiff in the instant action reached majority in October 1960 and commenced

---

* See Schultz v. Vick, 10 Wis.2d 171, 102 N.W.2d 272 (1960), declaring the validity of the retrospective operation of the elimination of the notice requirement of Section 330.205(1).

this suit within one year thereafter. Since this court has held that no notice of injury was given, the three year statute of limitations only is applicable. Section 330.33, Wis.Stats., "Persons under disability," extends the period of limitations in cases of disability, including infancy, one year after the disability ceases. The three year period of limitations does not require the giving of notice. Cases cited by defendant holding that the statutory notice requirements are not extended by incapacity of infancy have no application to the extension of time applicable to the period of limitations.

The action was commenced timely. For the foregoing reasons, the defendant's motion for summary judgment as against the plaintiff must be and it is hereby denied.