**Dennis GRUMMITT, Plaintiff-Appellee,**

v.

**STURGEON BAY WINTER SPORTS CLUB OF STURGEON BAY, WISCONSIN, Defendant-Appellant.**

**No. 15113.**

United States Court of Appeals
Seventh Circuit.

Dec. 22, 1965.

Rehearing Denied Jan. 28, 1966.

Richard E. Mueller, Chicago, Ill., Gerald P. Hayes, Milwaukee, Wis., for defendant-appellant, Lord, Bissell & Brook, Chicago, Ill., of counsel.

Arthur Aaron Ellis, Morris William Ellis, Herbert A. Ellis, Chicago, Ill., for plaintiff-appellee, Ellis & Ellis, Chicago, Ill., of counsel.

Before HASTINGS, Chief Judge, CASTLE, Circuit Judge, and MAJOR, Senior Circuit Judge.

CASTLE, Circuit Judge.

Dennis Grummitt, the plaintiff-appellee, brought this diversity action in the District Court against the Sturgeon Bay Winter Sports Club of Sturgeon Bay, Wisconsin, the defendant-appellant, seeking damages for injuries sustained by plaintiff allegedly caused by the negligence of the defendant in the operation of a toboggan slide or chute at the Potawatomie State Park at Sturgeon Bay, Wisconsin. The cause was submitted to the jury in the form of a special verdict consisting of six questions. In the answers contained in its verdict the jury found the defendant negligent with respect to maintenance of the toboggan slide insofar as the condition of its surface was concerned and in permitting the plaintiff to use the slide; that such negligence was the sole efficient cause of the plaintiff's injuries; and awarded plaintiff $50,200.00 for medical care and expense,[1] pain, suffering, and disability. Judgment was entered on the verdict and the defendant appealed.

From the contentions advanced on appeal we conceive the main contested issues to be (1) whether the court erred in concluding as a matter of law, or, in the alternative, in not submitting the issue for determination by the jury, that the defendant was the operator of the toboggan slide, responsible for its control and the maintenance of its surface; (2) whether the evidence supports the jury's finding that defendant was negligent; (3) whether the court erred in its instruction concerning elements of damages; and (4) whether plaintiff's claim was barred by limitations.

The record discloses that on December 29, 1956, the plaintiff, then seventeen years of age, in the company of his

---

1. By an instruction the Court limited the amount which might be awarded for medical care and expense to $200.00, the only medical expense incurred after the plaintiff reached twenty-one years of age. The action brought by plaintiff's father for medical expenses incurred during plaintiff's minority was barred by limitations. Grummitt v. Sturgeon Bay Winter Sports Club, 7 Cir., 304 F.2d 98.

brother, David Grummitt, and two other companions, all of whom had tobogganed on prior occasions, went to Potawatomie State Park to engage in winter sports. They rented a toboggan from the defendant, paid the fee for use of the tobogganing facilities, and tobogganed the entire day, using the slide in question, without incident. On the following morning it was snowing and the snowfall became progressively heavier. Plaintiff, in the company of his companions, rented a toboggan from the defendant and paid the fifty cent fee for use of the tow and the slide. The four boys tobogganed all morning without difficulty. The ride down the chute was smooth. After a two hour interval for lunch the boys returned to resume their tobogganing activities. On the first trip down the toboggan began to vibrate violently and to whip back and forth rapidly from side to side in the chute, bumping up and down, as it attained a speed of approximately seventy miles per hour. The toboggan lifted out of the chute or slide, throwing the occupants off, and the plaintiff was severely injured.

The boy in first position on the toboggan, David Grummitt, testified that about three-quarters of the way down the slide the excessive vibration and the tremendous pressure on his legs forced his leg out of the front curvature of the toboggan and over the left side of the chute causing his foot to strike a support or cross-tie and all of the boys were thrown from the toboggan.

The defendant produced no occurrence witnesses. The testimony of the plaintiff, and of his companions who testified, was to the effect that the rough bouncing motion of the toboggan in its descent was due to an uneven accumulation of snow and ice in the chute or slide; that there was a variation of from one quarter of an inch to two inches of snow, forming mounds; that the surface was rough, like a scrub board with large gaps; and that the toboggan, in going over these unevenly distributed snow patches, went from side to side in a vibratory or oscillatory manner, and up and down in a bumpy manner. The approach to and entry into the chute did not afford plaintiff a prior view of the surface of the chute.

The sides of the chute or slide consisted of smooth metal channel irons or I-beams six inches high; the floor or bottom was of narrow one-inch lumber laid lengthwise and supported by beams similar to railroad cross-ties. The width of the chute afforded from two to two and one-half inches clearance for the toboggan.

The State of Wisconsin is the owner of the park and the permanent improvements therein including the toboggan tow and the toboggan slide or chute. On the date involved a concession contract between the State, acting through its Conservation Commission, and the defendant Club provided, among other things that "the operation of the facilities on the area dedicated to skiing and winter sports" was granted as a concession to the defendant Club. The defendant, as lessee, was to have the use of all permanent improvements provided by the lessor, and "the management of the winter sports area, including the furnishing of winter sports supplies and services". The fifty cent toboggan tow fee, payment of which was prerequisite to use of the chute or slide, was included in the gross income derived from the area which was to be shared by the State and the Club after certain designated exceptions or deductions which included expenditures for insurance premiums; and the lessee was required to provide liability insurance to save the lessor harmless and to protect the using public against loss from injuries arising from negligence or other legal fault of the lessee. The contract specifically reserved to the lessor "full charge of the operation of the toboggan and ski tows".

■ The District Court did not err in concluding as a matter of law that the operation of the toboggan slide was under the control and management of the defendant Club. The contract provisions charged the defendant, generally, with the operation and management of the winter sports area, including the skiing

and tobogganing facilities. The sole reservation with respect to operation and management related to the toboggan tow and the ski tow. The exception, specifically carved out, did not embrace the toboggan chute or slide.

No evidence was introduced which established any departure from the contract provisions with respect to the operation and management of the toboggan slide despite the trial court's ruling that the defendant's witnesses might testify as to what actually was done in practice in this respect.[2] Thus, there was no factual issue with respect to control and operation of the slide which required determination by the jury. Moreover, trial counsel for the defendant expressed agreement that the construction of the contract was for the court, not the jury, and during the closing argument to the jury he observed that the question of operation and control of the slide was an issue of law for the court. In addition, defendant made no objection to the omission of that issue from the questions submitted to the jury in the form of a special verdict. There was no error in the court's resolution of the issue or in the court's not submitting it to the jury for determination.

The defendant contends that as a matter of law the evidence does not support the jury's findings that defendant was negligent in maintaining the surface of the slide, and in permitting the plaintiff to use the slide when it was in a dangerous condition, because there is no evidence that defendant created the condition, or knew or should have known of its existence, and therefore defendant was entitled to a directed verdict or judgment notwithstanding the verdict. But the use of the slide is dependent upon there being snow in the chute and upon the facts involved it was a question for the jury whether defendant as operator of the device was chargeable with knowledge that the accumulation of snow and

ice in the chute, unevenly distributed, in patches with rough surface, and forming irregular mounds would cause a toboggan to have a rough descent—a bumpy ride— with consequent lifting from the surface and the possibility of the toboggan's leaving the chute. There was evidence that on the morning of the day of the occurrence it was snowing and that the snowfall became progressively heavier. Defendant could not have been unaware of that fact, and it is obvious that snow was being deposited in the chute. It was a question of fact for the jury whether defendant knew or ought to have known of the possibility of its uneven accumulation in the chute and the effect thereof on the use of the device. Cf. Schwenn v. Loraine Hotel Company, 14 Wis.2d 601, 111 N.W.2d 495; Lee v. Junkans, 18 Wis. 2d 56, 61–62, 117 N.W.2d 614. Plaintiff's witnesses testified that during the morning the ride down the chute was smooth but when, after a two hour interval for lunch, they returned to use the chute, the accident, occasioned by the uneven distribution of accumulated snow and ice in the chute, occurred on their first descent. The defendant offered no evidence with respect to the condition or use of the slide either prior to or subsequent to the occurrence. In our opinion there is ample evidence to warrant the findings of the jury as to negligence on the part of the defendant.

In restricting the amount which might be awarded the plaintiff for medical care and expense to $200.00, the court explained to the jury that plaintiff was a minor at the time of his injury and that any cause of action for medical or hospital care expense incurred prior to his becoming twenty-one years of age belonged to his parents, and "[t]hat is why you are not to include any items of expense, or wage loss, if any, which were incurred by him before reaching the age of 21". Defendant objected to the reference to "wage loss" and predicates re-

---

**2.** A defense witness, an employee of the Conservation Commission, did state that on December 30, 1956, the Club did not take part in the operation of the chute,

itself; and he and his helper did. It was later developed that the witness was mistaken as to his presence at the park on December 30, 1956.

versible error on the basis that although no evidence was introduced with respect to loss of future earnings the court's explanatory instruction erroneously inferred that an award of damages for such loss of future earnings might be made.

We are of the opinion that the tangential reference to wage loss does not constitute an error warranting or requiring reversal. The jury was specifically instructed that except for the $200.00 medical expense item the elements they were to consider in arriving at plaintiff's damages were "pain, suffering, and disability". The verdict is not excessive in the light of the evidence bearing on those factors. The extent of the injuries sustained, the five operations undergone, the two-years spent under medical care and during which the use of crutches was necessary, and the permanent shortening of the left leg and pelvic tilt resulting from the injury combine to afford a basis for the award made. Under the circumstances we decline to disturb the verdict as to damages.

In a previous action brought by the plaintiff, his brother, and his father, for damages allegedly arising out of the December 30, 1956, occurrence, this Court affirmed the District Court's award of summary judgment to the defendant dismissing the suit on the ground that it was barred for failure to comply with the notice of injury requirement and limitation period of a Wisconsin statute. Grummitt v. Sturgeon Bay Winter Sports Club, 7 Cir., 304 F.2d 98, aff'g 197 F.Supp. 455. But the dismissal so affirmed was "without prejudice as to plaintiff, Dennis Grummitt, who allegedly reached the age of majority on October 15, 1960" (197 F.Supp. at 460), the court observing that "[i]f this be true, the Statute of Limitations as to his cause of action will not run until one year after he attains his majority. Section 330.33, Wis.Stats. (1959)". The instant suit was commenced September 14, 1961, within one year after plaintiff attained his majority. The District Court did not err in its conclusion that the instant suit was not barred by limitations. The fact that

subsequent to the date of the occurrence upon which liability is based, December 30, 1956, the notice of injury requirement was deleted from the Wisconsin statute does not preclude plaintiff from maintaining his action. The two-year notice of injury provision was not a statute of limitations which extinguished a substantive right. The notice requirement was merely a condition precedent to commencement of suit. Haase v. Sawicki, 20 Wis.2d 308, 121 N.W.2d 876. The deletion of the notice requirement was merely a procedural change and its retroactive effect violated no right of the defendant. Schultz v. Vick, 10 Wis.2d 171, 102 N.W. 2d 272.

The judgment order of the District Court is affirmed.

Affirmed.